FILED

2018 NOV 21 PM 1:33

U.S. DISTRICT COURT
NORTH DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:18 CR 708 |
| v. | ) | CASE NO._____ |
| | ) | Title 18, Sections 371, |
| KENNETH TYSON, | ) | 666(a)(1)(B), 1343, 1346, and 2, |
| | ) | United States Code |
| Defendant. | ) | |

JUDGE BOYKO

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Defendant KENNETH TYSON (hereinafter, "TYSON") was a United States citizen, and a resident of Cleveland Heights, Ohio, within the Northern District of Ohio, Eastern Division. TYSON was an agent and fiduciary of Cuyahoga County Land Reutilization Corporation ("CCLRC"), also known as the Cuyahoga County Land Bank, where he held the title of Property Specialist.

2. CCLRC was a non-profit, government-purposed organization that was registered in the State of Ohio on or about April 16, 2009. CCLRC's mission was to strategically acquire property, return it to productive use, reduce blight, increase property values, support community goals, and improve the quality of life for county residents.

3. From on or about January 24, 2013, through on or about January 24, 2014, CCLRC received more than $10,000 from the United States government under federal programs involving, grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance, more specifically from the United States Department of Housing and Urban Development Neighborhood Stabilization Funds ("NSP2").

4. CCLRC used demolition contractors to demolish properties.

5. Demolition contractors were permitted to apply to CCLRC to be put on the list of qualified contractors.

6. CCLRC invited qualified demolition contractors from its list to bid on batches of properties to demolish.

7. As part of his job at CCLRC, TYSON served as a liaison between the city of East Cleveland and CCLRC on land acquisition, demolition, and NSP2 funding requests.

8. Also as part of his job at CCLRC, TYSON vetted prospective demolition contractors seeking to be placed on the CCLRC qualified demolition contractor list and to receive demolition jobs from the CCLRC.

9. In his position at CCLRC, TYSON exercised influence over the selection of qualified demolition contractors to complete demolition jobs for CCLRC.

10. On or about June 10, 2013, TYSON purchased a residential property located at XXXX Castleton Road, Cleveland Heights, Ohio 44118 ("TYSON's Property").

11. On or about June 18, 2013, TYSON transferred TYSON's Property by quitclaim deed to EPIC Lifestyle LLC.

12. EPIC Lifestyle LLC ("EPIC") was registered as a Limited Liability Company with the state of Ohio on January 7, 2013, with TYSON listed as the registered agent.

13. On or about September 21, 2015, EPIC transferred TYSON's Property by quitclaim deed back to TYSON.

14. M.R. was a resident of the Ohio and a a demolition contractor.

15. L.A. was a resident of Oklahoma and a demolition contractor.

16. L.A. was the Manager/Registered Agent on file for Residential Commercial Industrial Services, LLC ("RCI Services"). M.R. operated RCI Services.

17. RCI Services was a demolition company formed in the Massachusetts and registered to do business in Ohio. RCI Services principal place of business was in and around East Cleveland, Ohio.

18. M.S. was a resident of the Ohio. M.S. was the Chief of Staff in for East Cleveland.

19. Drain Guru, Incorporated ("Drain Guru") was registered in Ohio on or about May 15, 2012. Drain Guru was a full service plumbing company.

20. Trapp Masonry and Concrete, LLC was a concrete business owned and operated by C.T.

COUNT 1
(Conspiracy to Commit Bribery & Honest Services Fraud, in violation of 18 U.S.C. § 371)

The Grand Jury charges:

21. The factual allegations contained in paragraphs 1 through 20 are re-alleged and incorporated by reference as if fully set forth herein.

22. From in or around October 2013, and continuing to in or around November 2018, in the Northern District of Ohio, Eastern Division, Defendant KENNETH TYSON, together with M.S., M.R., and others known and unknown to the grand jury, did knowingly and intentionally, conspire, confederate, and agree together and with each other:

3

      a.      for TYSON, an agent of CCLRC, to corruptly solicit, demand for the benefit of any person, accept and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions provided, completed, or paid for by M.R. involving $5,000 or more, in violation of 18 U.S.C. 666(a)(1)(B); and

      b.      to devise a scheme and intend to devise a scheme and artifice to defraud and deprive and attempt to defraud and deprive the citizens of the Cuyahoga County of their right to the honest services of TYSON, Property Specialist at CCLRC, through bribery, in violation of 18 U.S.C. §§ 1343 and 1346.

### The Objects of the Conspiracy

23. The objects of the conspiracy were for: (a) TYSON to enrich himself and repair TYSON'S property, through the services of M.R., in exchange for TYSON taking and agreeing to take official action to benefit M.R. and RCI Services; and (b) M.R. to enrich himself and RCI Services, by receiving demolition jobs from CCLRC, in exchange for providing and agreeing to provide repair and contractor services at TYSON'S property.

24. It was a further object of the conspiracy that TYSON, M.R., and RCI Services concealed, attempted to conceal, and encouraged others to conceal from CCLRC, the public, and law enforcement their corrupt relationship and dealings with one another, including the fact that M.R. provided free contractor and repair services to TYSON at TYSON's Property.

### The Manner and Means of the Conspiracy

25. It was part of the conspiracy that:

a. M.S. introduced M.R. to TYSON in order for TYSON to arrange for M.R. and RCI Services to be put on the CCLRC qualified demolition contractor list, and then to be invited to bid on CCLRC demolition jobs.

b. TYSON solicited M.R. to provide free contractor and repair services at TYSON'S property.

c. In return for M.R. providing free contractor and repair services at TYSON's property, TYSON performed and agreed to perform official acts in his capacity as Property Specialist at CCLRC. Specifically, TYSON and M.S. assisted and arranged for RCI Services to be put on the CCLRC qualified demolition contractor list and for RCI Services to be invited to bid on CCLRC demolition jobs.

## Overt Acts

26. M.S. arranged a meeting and introduced M.R. to TYSON.

27. On or about October 15, 2013, EPIC applied for a permit in Cleveland Heights as a contractor to repair the main water service line at TYSON's Property.

28. On or about that same date, the Cleveland Heights Building Department approved the permit for repair of the water service line at TYSON's Property.

29. On or about October 21, 2013, Drain Guru invoiced M.R. approximately $2,565 for plumbing work completed to repair or install a new waterline at TYSON's property.

30. On or about October 21, 2013, continuing through on or about October 24, 2013, Drain Guru employees J.S., R.C., J.P., and M.R. installed a new waterline at TYSON's property.

31. In or around October 2013, J.P. was hired by M.R. and paid approximately $1,000 to cut down a tree at TYSON's Property.

32. On or about October 24, 2013, J.M., Director of the Department of Community Development for the East Cleveland, at the direction of M.S., sent documents and pictures to C.S., Director of Acquisitions, Dispositions and Development at CCLRC, confirming that RCI Services had previously completed demolition work in the City of East Cleveland.

33. On or about October 30, 2013, L.A. and M.R. attended a meeting at CCLRC.

34. In or around October 2013, TYSON and J.M conducted a site visit at RCI Services on Elderwood Rd. in the City of East Cleveland.

35. On or about November 12, 2013, L.A., pursuant to TYSON's request, emailed to TYSON pictures of demolition jobs that RCI Services had previously completed in East Cleveland.

36. On or about that same date, TYSON responded to L.A.'s email, requesting the addresses of the pictures.

37. Also, on the same date, M.R. replied and emailed the addresses to TYSON.

38. On or about November 21, 2013, RCI Services was added to CCLRC's system as a new demolition contractor, thereby allowing RCI Services to bid on CCLRC contracts.

39. On or about November 26, 2013, J.M. of CCLRC sent an email to L.A. seeking RCI Services bid to demolish sets of properties. Specifically, CCLRC invited L.A. and RCI Services to bid to demolish three sets of properties.

40. On or about November 30, 2013, M.R., on behalf of RCI Services, submitted a bid to CCLRC on the three sets of properties.

41. On or about December 5, 2013, J.L., Disposition Assistant at CCLRC, emailed L.A. notifying L.A. that RCI Services submitted the low bid on one of the three set of properties.

42. On or about December 11, 2013, J.O., Acquisitions Assistant at CCLRC, emailed L.A. notifying L.A. that RCI Services' demolition contract was prepared and ready to be signed.

43. On or about December 20, 2013, M.R. signed a demolition contract on behalf of RCI Services with CCLRC to demolish the set of properties.

44. On or about that same date, RCI Services received three Notices to Proceed from CCLRC authorizing it to demolish three properties from the contract.

45. On or about January 14, 2014, RCI Services received a Notice to Proceed from CCLRC authorizing it to demolish a fourth property from the contract.

46. On or about January 24, 2014, RCI Services received a check for approximately $13,508 from CCLRC for demolishing two of the contracted properties.

47. On or about February 3, 2014, RCI Services received a check for approximately $12,750 from CCLRC for demolishing the third contracted property.

48. On or about March 7, 2014, RCI Services received a check for approximately $6,097 for demolishing the fourth contracted property.

49. On or about June 10, 2014, Trapp Masonry and Concrete applied for a permit in the city of Cleveland Heights to complete sidewalk and driveway concrete work at TYSON's Property.

50. On or about June 18, 2014, the Cleveland Heights Building Department approved the permit for concrete work at TYSON's Property.

51. In or around June 2014, C.T. completed concrete work on a sidewalk and driveway at TYSON's Property.

52. On or about July 2, 2014, RCI Services paid Trapp Masonry and Concrete, LLC approximately $3,200 for concrete work completed at TYSON's Property.

All in violation of 18 U.S.C. § 371.

## COUNTS 2-4
(Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2)

The Grand Jury further charges:

53. The factual allegations contained in paragraphs 1 through 20 and 25 through 52 are re-alleged and incorporated by reference as if fully set forth herein.

54. From in or around October 2013, and continuing through in or around July 2014, in the Northern District of Ohio, Eastern Division, Defendant KENNETH TYSON, aided and abetted by others known and unknown to the grand jury, devised and intended to devise a scheme and artifice to defraud and to deprive the Cuyahoga County Land Reutilization Corporation and the citizens of Cuyahoga County of their intangible right to the honest services of KENNETH TYSON, as Property Specialist at the Cuyahoga County Land Reutilization Corporation, through bribery.

55. Between in or around October 2013, and continuing through in or around July 2014, in the Northern District of Ohio, Eastern Division, Defendant KENNETH TYSON, aided and abetted by others known and unknown to the grand jury, for the purpose of executing the above-described scheme and artifice to defraud and deprive, transmitted and caused to be transmitted by means of wire and radio communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description | Originating E-Mail Location | Pass-through E-Mail Account Server Location |
|---|---|---|---|---|
| 2 | 11/26/13 | E-mail from J.M. to L.A. subject "Request for Bids 1311C Due Tuesday Dec. 3rd @ 11:00 AM" | Cleveland, Ohio | GoDaddy server located in Arizona |

8

| 3 | 12/5/13 | E-mail from J.L. to L.A. subject "RCI Bid Results – Demo Batch 1311C" | Cleveland, Ohio | GoDaddy server located in Arizona |
| 4 | 12/11/13 | E-mail from J.O. to L.A. subject "RCI Services Demo Contract 1311C" | Cleveland, Ohio | GoDaddy server located in Arizona |

All in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## COUNT 5
(Bribery in Federally Funded Programs, in violation of 18 U.S.C. § 666(a)(1)(B))

The Grand Jury further charges:

56. The factual allegations contained in paragraphs 1 through 20 and 25 through 52, are re-alleged and incorporated by reference as if fully set forth herein.

57. From in or around October 2013, and continuing through in or around July 2014, in the Northern District of Ohio, Eastern Division, Defendant KENNETH TYSON, did corruptly solicit and demand, accept and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions of the Cuyahoga County Land Reutilization Corporation ("CCLRC") that involved $5,000 or more, to wit: Defendant solicited, demanded, accepted, and agreed to accept approximately $6,700 in contractor and repair services from M.R. in exchange for assisting and arranging for RCI Services to be put on the CCLRC qualified demolition contractor list and being invited to bid on CCLRC demolition jobs, which assisted M.R. and RCI Services in winning a contract for demolition valued at approximately $32,355.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.