IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH TYSON, | ) | GOVERNMENT'S REPLY TO |
| | ) | DEFENDANT'S OPPOSITION TO |
| Defendant. | ) | GOVERNMENT'S MOTION FOR |
| | ) | PROTECTIVE ORDER |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Carmen E. Henderson, Assistant United States Attorney, respectfully submits this reply to Defendant's Response in Opposition to Motion for Protective Order (Doc. #9). The government previously submitted a motion for protective order to this court (Doc. # 8). For the reasons set forth below, the Court should grant the government's motion in its entirety, including granting the government's proposed protective order.

**I.     Background**

As an initial matter, Defendant falsely states represents that "the Government abruptly indicated that it could not continue negotiations after December 21, 2018, and decided to bring the issue before the Court because the parties were still in disagreement as of that date." (Doc. #9 at 2.) Defendant's assertion is incorrect. On December 20, 2018, the government emailed Defendant's counsel attempting to meet to discuss the proposed protective order. (Ex. A at 3.) In that email, the government specifically stated that it wanted to attempt to resolve the issue and

get the Defendant discovery by December 21, 2018 because after that date it would be unable to provide discovery until after the holidays. (Id. at 2.) The government agreed to meet with Defendant's counsel on the afternoon of December 20, 2018 to attempt to resolve the issue. (Id.) Defendant's counsel responded by email that it did not think it was possible to reach a resolution by December 21, 2018. (Id.) Additionally, Defendant's counsel failed to meet with the government to discuss the terms of the proposed protective order.

On that same date, the government responded to Defendant's counsel stating a resolution did not need to be reached by December 21, 2018, but that if an agreement was not reached by that date the government would be unable to provide discovery until the week of January 7, 2019. (Id. at 1.) The government further stated "[i]f you don't mind waiting that long then we can continue to attempt to resolve the issue after the holidays. I was just trying to get the discovery to your client as soon a [sic] possible." (Id.) Additionally, the government attempted to ask Defendant's counsel questions to clarify the specific issue with the proposed protective order. (Id.) Despite the government's efforts, Defendant's counsel failed to respond to the government's email and failed to meet with the government on the afternoon of December 20, 2018, other than to convey that defense counsel would rather have all of the discovery redacted than enter into a protective order. However, as explained further below, the discovery in this matter is too voluminous to redact all the necessary protected information. The government informed Defendant's counsel of this fact and reiterated that it would file its proposed protective order as opposed and the various contested issues could be addressed with the Court. (Ex. B.) Thus, the government filed the proposed motion for protective order (Doc. # 8).

This was not the first protective order the government proposed to Defendant. Rather, the government had been attempting to negotiate a protective order with the Defendant for two

weeks. The government first provided a proposed protective order to Defendant's counsel at arraignment on December 7, 2018. (Ex. C.) The government's initial proposed protective order did not require Defendant's counsel to have witnesses sign acknowledgements of the protective order. (Ex. C-1.) Rather, it provided for Defendant's counsel to keep all discovery in his possession or the possession of his agent to protect against disclosure. On that same date, Defendant's counsel replied and asked the government for two modifications. (Ex. D.) Defendant's counsel requested that the protective order be modified to allow that the discovery be provided to the defendant and that the government "agree that third party experts and investigators fall within the definition of 'designated defense team members.'" (Id.) In an attempt to include Defendant's proposed modifications, on December 11, 2018, the government sent a second proposed protective order to Defendant's counsel. (Ex. E.) The government noted that Defendant's counsel should be familiar with the terms of the alternative protective order because he helped to draft it and it was used in a case he prosecuted as a former AUSA. The government noted that the only difference was that it provided for all *Jencks* material to be retained by Defendant's counsel. The alternative protective order met Defendant's counsel's requested modifications as it allowed for discovery to be provided to the Defendant and third party experts.

After a week went by and the government received no response to the alternative protective order, the government sent Defendant's counsel an email on December 17, 2018, stating that it wanted to provide the discovery by December 21, 2018, and asking whether Defendant's counsel found the new protective order agreeable. (Ex. F.) Defendant's counsel responded that he had responses that he would provide later that night. (Ex. G.) The next evening, on December 18, 2018, Defendant's counsel provided a proposed revised protective

3

order, which he stated should not be filed as joint and should not be prepared for his signature. (Ex. H.) Among other provisions, Defendant's counsel revised protective order added provisions restricting the government's use and disclosure of the government's discovery. (Doc. # 9-1.) Therefore, as previously discussed above, the government responded to Defendant's counsel on the morning of December 20, 2018, stating that it did not find the revised protective order agreeable and asking if Defendant's counsel was able to meet to further discuss. As the parties have been unable to reach a resolution of this matter and in an effort to provide discovery in timely fashion, the government filed the instant motion for protective order currently before the Court.

## II. Law and Analysis

Federal Rule of Criminal Procedure 16(d)(1) provides that a court may for good cause restrict discovery by granting a protective order. Here, as the government previously stated in its motion, the discovery material it intends to provide to Defendant is voluminous and contains personal identifying information of various individuals and other sensitive information that the government has a duty to protect. Specifically, the discovery will contain numerous bank statements and thousands of emails. It would be extremely time consuming and cause extreme delay to the discovery process for the government to take time to redact each bank statement. Additionally, due to the massive amount of emails the government intends to produce, the government has not had the opportunity to review each email it intends to produce. It would be equally time-consuming and burdensome for the government to attempt to review each email and redact all personal identifying information.

Also, the discovery in this matter may identify members of the community who are not charged but whose conduct came within the scope of the investigation. Additionally, the search

4

warrant affidavit that the government intends to provide in discovery will likely identify witnesses that the government has a duty to protect. Furthermore, once the *Jencks* material is provided in this case, it will likely contain statements from witnesses whose identities the government wishes to protect and statements that may also be relevant to ongoing government investigations. As a result, the government has a strong and compelling interest in protecting the discovery in this matter.

The government does not seek to unduly restrict discovery in this matter. Defendant objects to three provisions in the government's proposed protective order. First, Defendant's counsel objects to all members of the Defense Team signing an Acknowledgement of the Protective Order and providing a copy to the Government. Defendant argues that this provision "would unnecessarily reveal defense work product to the Government, as the defense would need to identify to the Government all investigative or other experts engaged by Defendant." (Doc. # 9 at 3.) The government does not seek this provision to learn the identity of members of the Defense team or Defense witnesses. Rather, the government requests this provision because the proposed protective order provides that all members of the defense team would be allowed to receive copies of the discovery with the exception of the *Jencks* materials. Thus, the government seeks this provision to ensure that these members of the Defense Team being entrusted with the discovery material understand the protective order in this matter and agree to comply with its terms. The protective order has very little effect if all persons receiving discovery are not aware of and agree to comply with the terms. The government proposes and is agreeable to the Acknowledgements being signed by the necessary members of the Defense Team and filed *ex-parte* with the Court. This will provide the government the assurance it requests that the parties

understand and are willing to comply with the protective order while also alleviating the Defendant's concern regarding revealing work product to the government.

Second, Defendant objects to *Jencks* materials remaining in his counsel's possession. (Id.) Defendant argues that this provision will "unnecessarily hinder [him] from participating in his own defense." (Id.) Defendant's argument is baseless. The *Jencks* materials will not be voluminous and the proposed provision does not prevent Defendant from reviewing the *Jencks* materials with his counsel. The proposed provision merely protects copies of 302s and other witness statements from being provided to the Defendant. This is necessary due to the sensitive nature of the *Jencks* materials in this case. As previously discussed, the *Jencks* materials are likely to reveal the identities of prominent community members not charged in this case and of witnesses who the government has a duty to protect and statements that may also be relevant to ongoing covert government investigations. The government's proposed provision allows the Defendant to review all of the *Jencks* materials with his counsel. It merely does not allow him to retain a copy of the materials. Defendant does not and cannot allege a specific need to retain a copy of the *Jencks* materials in order to participate in his defense. Thus, the Court should order that the *Jencks* materials remain in the custody of Defendant's counsel.

Third, Defendant objects to summarizing the protective order to potential witnesses that he wishes to share the discovery with, orally advising the witness of the obligation to comply with its terms, and obtaining the witness's signature on an Acknowledgement to be filed with the Court. (Id.) Defendant argues that this provision will "unreasonably prejudice the preparation of the defense because the onerous requirements will have an unnecessary chilling effect on interviews with potential witnesses." (Id.) Again, this provision is meant only to enforce the terms of the Protective Order. In order for the Protective Order to be adequately enforced, all

parties reviewing the discovery documents must be aware of its terms. The government does not understand how Defendant and his counsel intend to comply with the Protective Order without advising witnesses reviewing discovery materials of the terms of the order and the obligation to comply. Furthermore, the provision requiring the witnesses to sign the Acknowledgement and file it with the Court is simply to ensure that all parties reviewing the discovery material agree to comply with the terms of the Protective Order. If the Defendant finds it overly onerous to have witnesses reviewing the discovery sign the Acknowledgement, as long as the witnesses will not receive a copy of the discovery, the government proposes and is agreeable to Defendant's counsel agreeing and acknowledging that he will summarize the terms of the order and obligation to comply to each witnesses reviewing the discovery and not requiring the witness to also sign the Acknowledgement.

In addition to modifying the three provisions discussed above, Defendant's proposed protective order seeks to restrict the government from disclosing the government's discovery material to anyone except as provided in its proposed order. As an initial matter, the Defendant provides no basis to restrict the government from disclosing discovery material already in the government's possession. If the Defendant provides reciprocal discovery, then he can seek a discovery order limiting disclosure by the government, if necessary. However, the Defendant cannot restrict the government's use of its own discovery material. Additionally, such a provision is unnecessary as the government's disclosure of grand jury material is already governed by Federal Rule of Criminal Procedure 6e. Furthermore, the government has an obligation to provide discovery material to the United States Probation and Pretrial Services Office for preparation of the pretrial report and may have disclosure requirements to other defendants in other ongoing matters to which the discovery documents are also material.

Therefore, the Defendant's proposed provision restricting the government's disclosure of discovery material be denied.

### III. Conclusion

Thus, the government requests that the Court grant its motion for protective order in its entirety or with the following two modifications: (1) allowing the Acknowledgements signed by Defense Team members to be filed *ex parte* with the Court, and (2) prevent witnesses from signing an acknowledgement by allowing Defendant's counsel to acknowledge that he has discussed and summarized the protective order with each witnesses reviewing the discovery and advised the witness of the obligation to comply with the terms. The government has attached a revised proposed protective order reflecting these modifications. (Ex. I)

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Carmen E. Henderson
Carmen E. Henderson (OH: 0089212)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3967
(216) 522-2403 (facsimile)
Carmen.Henderson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Carmen E. Henderson
Carmen E. Henderson
Assistant U.S. Attorney