IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR708 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | **PROTECTIVE ORDER** |
| KENNETH TYSON, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS the United States has moved the Court for entry of a protective order applicable to Discovery Material (defined herein) that is produced in this case;

WHEREAS, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court finds that good cause exists for the entry of a protective order in this case; and

WHEREAS the United States has proposed a procedure that allows reasonable use of Discovery Material to allow Defendant to prepare for trial in this case.

IT IS HEREBY ORDERED:

1



GOVERNMENT EXHIBIT

I

1:18-CR-708

1. As used in this Order,

(a) "Defense Team" shall mean: the defendant in this case; the defendant's counsel of record for the defendant in this case; employees of defense counsel of record (and their associated law firms, if any) in this case; and other personnel engaged or employed by defense counsel of record in connection with this case.

(b) "Discovery Material" shall mean: all documents and electronically-stored information disclosed by the government to the Defense Team as *Jencks* material or otherwise during discovery in this case.

2. All Discovery Material shall be used solely for the purpose of conducting pretrial, trial, and appellate proceedings in this action and for no other purpose whatsoever. In no event will the Defense Team disclose, directly or indirectly, Discovery Material or the substance thereof to anyone, including the media (excepting any disclosures that may occur during public proceedings at a hearing, trial, or appeal in connection with this matter), except as provided herein. The use of Discovery Material at trial or at any pre- or post-trial hearings will be resolved at the time of the trial or hearing in question.

3. Prior to the disclosure of Discovery Material, under this Order, each Defendant and member of the Defense Team shall sign the appropriate attached Acknowledgment, file the signed Acknowledgment *ex parte* and under seal with the Court. The Court will not review these Acknowledgements and will maintain them under seal; however, if the Court is satisfied that a violation of this Order is evident, the Court may then open the sealed Acknowledgements and disclose them to an appropriate investigating authority.

4. Material provided by the government and noted as *Jencks* material to remain in the sole custody of counsel for Defendant or his designated agent at all times.

5. In furtherance of its investigation and trial preparation, the Defense Team may disclose Discovery Material to potential witnesses,[1] under the following conditions:

    (a) Prior to the actual disclosure, a member of the Defense Team must read or summarize the pertinent parts of this Order to the witness, or provide a copy of this Order to the witness, and orally advise the witness of his or her obligation to comply with its terms;

    (b) The Defense Team will maintain a log of all witnesses to whom disclosure is made, specifying the date of the disclosure and describing the contents of the disclosure;

    (c) The witness to whom disclosure is made shall not take any notes, otherwise record any information contained in the Discovery Material, or retain Discovery Materials or any copies thereof; and

    (d) Unless such information is that of the individual to whom such materials are to be shown, the Defense Team will redact any social security numbers, names of minor children, dates of birth, addresses, telephone numbers, financial account numbers in the Discovery Material before copies are shown to the witness.

6. Any person to whom a disclosure is made under Paragraph 5 of this Order shall not disclose or convey any information so disclosed to any other person.

7. In furtherance of its investigation and trial preparation, the Defense Team may ask questions of a potential witness derived from Discovery Material without advising the witness of this Order.

8. In furtherance of its investigation and trial preparation, the Defense Team may show a potential witness copies of summary charts, photographs, or business records derived

---

[1] Under this Order, "potential witness" and "witness" shall include any attorney for the potential witness or witness, provided his or her attorney (if any) also agrees to the terms of this Order.

from Discovery Material as long as the conditions of Paragraphs 5 and 6 of this Order are satisfied.

9. Nothing in this Order shall operate or be construed to operate as restricting any defendant's right to meaningful communication with his/her defense counsel or to abrogate the government's duty to provide exculpatory evidence to any defendant.

10. Nothing in this Order shall prevent the government or the Defense Team from using Discovery Material, or from referring to or reciting any information contained in such Discovery Material, in connection with any pleadings or motions filed in this action, provided that such material is properly redacted or, if such redactions cannot be readily accomplished, filed under seal.

11. The inadvertent or unintentional disclosure of Discovery Material shall not be deemed a waiver of the confidentiality of such material or other information relating to the same or related subject matter. Upon discovery of inadvertent error with regard to the disclosure, all parties shall to the extent reasonably possible, cooperate to restore the confidentiality of the material that was inadvertently or unintentionally disclosed.

12. Nothing in this Order shall prevent disclosure beyond the terms of this Order if all parties consent in writing to such disclosure or if such disclosure is ordered by the Court.

13. Violations of this Order may be punishable by contempt of court, or by whatever other sanction the Court shall deem just.

IT IS SO ORDERED this ____ day of January, 2019.

_____
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

# ACKNOWLEDGMENT
# OF
# PROTECTIVE ORDER

**(Defendant)**

I, _____, hereby state that I fully understand and acknowledge the following provisions:

(1)     that, I have reviewed with my counsel and understand the entirety of the Protective Order signed by United States District Christopher Boyko in Case No. 1:18CR708, which has been filed under seal;

(2)     that, upon reviewing said Protective Order, I have fully discussed the provisions set forth therein with my attorney and my attorney has answered all my questions regarding same;

(3)     that, I agree to fully comply with all the provisions of the Protective Order;

(4)     that, I understand that this document, in executed form, must be delivered to the Office of the United States Attorney for the Northern District of Ohio and filed with the Court prior to my receipt of any discovery or *Jencks* material by the Government in this case and prior to any of the disclosures contemplated in the Protective Order;

(5)     that, in the event I disclose any discovery or *Jencks* material or the substance thereof to any individual or entity, including the media, in violation of the Protective Order, I am subject to sanctions to be imposed at the discretion of the Court.

_____
Defendant

Executed this \_\_\_\_\_ day of _____, 2019.

# ACKNOWLEDGMENT
# OF
# PROTECTIVE ORDER

**(Defense Team)**

I, _____, hereby state that I fully understand and acknowledge the following provisions:

(1) that, I have reviewed and understand the entirety of the Protective Order signed by United States District Judge Christopher Boyko in Case No. 1:18CR708, which has been filed under seal;

(2) that, I agree to fully comply with all the provisions of the Protective Order;

(3) that, I understand that this document, in executed form, must be filed with the Court prior to my receipt of any discovery or *Jencks* material in this case and prior to any of the disclosures contemplated in the Protective Order;

(4) that, in the event I disclose any discovery or *Jencks* material or the substance thereof to any individual or entity, including the media, in violation of the Protective Order, I am subject to sanctions to be imposed at the discretion of the Court.

_____
Signed

Executed this \_\_\_\_\_ day of _____, 2019.