# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-CR-708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH TYSON, | ) | **JOINT NOTICE OF REMAINING** |
| | ) | **ISSUES** |
| Defendant. | ) | |

Defendant Kenneth Tyson, through his undersigned counsel, and the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Carmen E. Henderson and Chelsea S. Rice, Assistant United States Attorneys, hereby respectfully submit this Joint Notice of Remaining Issues, pursuant to this Honorable Court's Order on February 1, 2019.

## I.      PROCEDURAL HISTORY

The Government filed a Motion for Protective Order on December 20, 2018 (Doc. 8), along with a proposed protective order (Doc. 8-1). Defendant filed a Response in Opposition on December 28, 2018 (Doc. 9), along with Defendant's proposed protective order (Doc. 9-1). The Government filed a Reply on January 7, 2019 (Doc. 11), proposing several modifications to its original requested order to address Defendant's concerns raised in his Response. With its Reply, the Government proposed a new protective order (the "New Proposed Order," Doc. 11-10.) The parties have continued to discuss in good faith the potential terms of a protective order, and with a few exceptions set forth below, the parties largely agree on the terms of the New Proposed Order.

## II.   **AGREED TERMS**

At this point, the parties agree to all terms of the New Proposed Order except for the terms in Paragraphs 4–6.[1]  Specifically, the parties agree that:

1.    All discovery material shall be used solely for the purpose of conducting pretrial, trial, and appellate proceedings in this action and for no other purpose whatsoever.

2.    Defendant and each member of the Defense Team shall sign the appropriate Acknowledgment of the Protective Order (New Proposed Order at 5–6, Doc. 11-10, PageID# 96–97), and these Acknowledgements shall be filed *ex parte* and under seal with the Court.

3.    Defense counsel will redact personally identifying information ("PII") from discovery material in connection with any pleadings or motions filed in this action, and will properly redact PII from discovery material before showing discovery material to a prospective witness, unless the PII belongs to that witness. Witnesses shall not retain a copy of the discovery materials.

## III.   **REMAINING ISSUES**

After conferring together in good faith, the parties were not able to come to an agreement on the following terms:

1.    <u>Discovery Material Disclosed to Potential Witnesses</u>

The Government proposes that if the Defendant intends to show a prospective witness discovery material, a member of the defense team shall first complete the following steps: (1) read or summarize the pertinent parts of the protective order or provide the witness a copy of the protective order; (2) orally advise the witness of his or her obligation to comply with the terms of the protective order, including instructing the witness that he or she cannot take any notes, record any information contained in the discovery material, or retain copies of the discovery material and

---

[1] The Court's ruling on Discovery Material Disclosed to Potential Witnesses will also affect Paragraphs 7–8 of the New Proposed Order.

that he or she cannot disclose or convey any information disclosed from the discovery material to any other person; and (3) maintain a log of all witnesses to whom disclosure is made.

The Defendant disagrees with potential witnesses being bound by the protective order. As set forth more fully in his Response (Doc. 9), Defendant asserts that there is no good cause to bind witnesses to a protective order because protective orders are the exception, not the rule; the Government's proposed restrictions are more restrictive than Fed. R. Crim. P. 6(e); the defense team will already be redacting PII from the discovery materials; there are no facts to suggest a witness may be in physical danger; and discovery material likely will become part of the public record during the course of these proceedings. Additionally, Defendant argues that the government's proposal will have an unnecessary chilling effect on interviews with potential witnesses. Instead, Defendant proposes that the Defense Team agree to request that prospective witnesses hold confidential the content of their interviews.

2.      Defendant's Possession of *Jencks* Material

The Government proposes entry of Paragraph 4 of the New Proposed Order, which provides that *Jencks* material shall remain in the sole custody of counsel for Defendant or his designated agent at all times.

Defendant proposes that no provision of the protective order restrict Defendant's possession of *Jencks* material. Defendant was prepared to agree to the Government's provision, if the Government agreed to produce *Jencks* material one month before trial to ensure Mr. Tyson had adequate time to review the materials given the proposed custody limitations. The government is not agreeable to providing Jencks a month prior to trial. The government intends to timely provide Jencks as required under the discovery rules.

Respectfully submitted,

/s/ *Chris N. Georgalis*
Christos N. Georgalis (OH: 0079433)

**Flannery ⎪ Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Telephone: (216) 367-2095
Facsimile: (216) 367-2095
Email: chris@flannerygeorgalis.com

*Attorney for Defendant Kenneth Tyson*


JUSTIN E. HERDMAN
United States Attorney

By:  /s/ *Carmen Henderson*
Carmen Henderson (OH: 0089212)
Chelsea S. Rice (OH: 0076905)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3967/3752
(216) 522-8355 (facsimile)
Carmen.Henderson@usdoj.gov
Chelsea.Rice@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2019, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

/s/ *Chris N. Georgalis*
Christos N. Georgalis

*Attorney for Defendant Kenneth Tyson*
