# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-CR-708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH TYSON, | ) | **DEFENDANT'S MOTION IN OPPOSITION TO GOVERNMENT'S APPLICATION FOR PRODUCTION OF RECORDS BEFORE TRIAL – RULE 17(C)** |
| Defendant. | ) | |

Defendant Kenneth Tyson, through his undersigned counsel, respectfully moves the Court to deny the Government's Application for Production of Records before Trial - Rule 17(c) subpoena request to serve GoDaddy.com, LLC, Rackspace US, Inc., Microsoft Online Services, Cardinal Community Credit Union.

A Memorandum in support of this Motion is attached hereto and incorporated by reference herein.

Respectfully submitted,

/s/ *Edward Fadel*
Edward Fadel (OH: 0085351)
**Flannery │ Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Telephone: (216) 232-2876
Facsimile: (216) 232-2876
Email: edward@flannerygeorgalis.com

*Attorneys for Defendant Kenneth Tyson*

**MEMORANDUM**

Tyson respectfully requests that this Honorable Court deny the Government's Application for Production of Records before Trial -Rule 17(c) subpoena request to serve GoDaddy.com, LLC ("GoDaddy"), Rackspace US, Inc. ("Rackspace"), Microsoft Online Services ("Microsoft"), Cardinal Community Credit Union. The purpose of this memorandum is to provide context for the Government's misuse of the subpoena process for records that are not relevant, inadmissible, and lack the necessary specificity.

I.     **INTRODUCTION**

On or about November 21, 2018, Kenneth Tyson (hereinafter, "Tyson") was charged in a five-count Indictment, alleging one count of conspiracy to commit honest services wire fraud, three counts of honest services wire fraud, and one count of bribery (Doc. 1).  During the Government's investigation, presumably, multiple grand jury subpoenas were issued.  More specifically, the Government provided the defense over 38,000 records from various companies, including: Huntington National Bank for five bank accounts held by Tyson; CF Bank Records for OnCall Plumbing; KeyBank records for the CLB Services and the Cuyahoga County Land Bank; PNC Bank records for Drain Guru; AT&T phone records for the phone number 216-534-7277; and email communications of the  Cuyahoga County Land Bank that span years.  The Government is now seeking additional financial records and electronic service usage information from various providers.

The subpoenas requested for GoDaddy.com, LLC and Microsoft Online Services, relate to five accounts with an @cuyahogalandbank.org domain addresses, one account with an @rcidemolition.com domain address, and one account with an @rciteam.com domain address for the period January 1, 2013 to February 1, 2014.  The subpoena requested for Rackspace US, Inc,

relates to five accounts with an @cuyahogalandbank.org domain address for the period January 1, 2013 to February 1, 2014.  Generally, these subpoenas request account records detailing names, addresses, telephone records, session times and duration, IP addresses, telephone or instrument numbers, VOIP or other phone call detail records, subscriber numbers or identities, payment information, and secondary or recovery contact information (hereinafter, "Electronic Service Provider Records").  The account names have been redacted; however, the defense believes that all these accounts were all known to the Government pre-indictment.

The subpoena requested for Cardinal Community Credit Union relates to the business financial records of Kenneth Tyson/EPIC Lifestyle LLC for the time period from January 1, 2014 to present.  Despite their knowledge of EPIC Lifestyle LLC pre-indictment, the Government did not previously request these records.  The Government, having had ample time to use the grand jury subpoena power, now seeks to use Fed. R. Crim. P. 17(c) to issue subpoenas for additional discovery over seven months after Tyson was indicted.  Tyson submits that the Government subpoenas are unreasonable, oppressive, and an abuse of power.

## II.    LAW AND ARGUMENT

Tyson respectfully requests that this Court deny the Government's Application for Production of Records before Trial -Rule 17(c) subpoena request to serve GoDaddy.com, LLC, Rackspace US, Inc., Microsoft Online Services, Cardinal Community Credit Union.  Criminal Rule 17(c)(1), Producing Documents and Objects, provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

As set forth in *United States v. Nixon,* 418 U.S. 683, 699-700 (1974), a party can subpoena materials or testimony if he can show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." Put simply, to carry the burden under Rule 17, the requesting party "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Id.* The proponent of the subpoena has the burden of demonstrating that the subpoena is not unreasonable or oppressive by meeting the standards set forth in *Nixon*. *Id*.

The requirements of Rule 17(c) as stated by the Court apply equally to the Government and to the defense. *See United States v. Vanegas,*112 F.R.D. 235, 239 (D.N.J.1986) ("The same principles apply where the moving party is the government."). Neither the government nor the defense have a right to use the power of the Court to obtain discovery once an indictment is returned. *See also United States v. Hedge,* 462 F.2d 220, 222–23 (5th Cir.1972) (noting Government's subpoena of witnesses to appear for pre-trial interview at office of the U.S. Attorney was improper); *United States v. Standard Oil Co.,* 316 F.2d 884, 897 (7th Cir.1963) (finding that Government's use of subpoenas to summons witness for private interrogation without counsel was not proper according to the Court's interpretation of Rule 17).

The Government had exclusive control of discovery prior to the premature Indictment of Tyson and cannot now use the power of the Court to obtain irrelevant records through an overly broad request hoping to find more information. In the Government's Reply to Defendant's Opposition to Government's Motion for Protective Order, the Government stated, "[a]dditionally,

4

due to the massive amount of emails the government intends to produce, the government has not had the opportunity to review each email it intends to produce." (Doc. 11 PageID #59).  The Government's failure to review the materials in their possession and to issue supplemental grand jury subpoenas, cannot be circumvented using 17(c) subpoenas.  This is an abuse of power at this juncture in the proceedings.  The Government fails to meet the three "hurdles" set forth in *Nixon* in their application for Rule 17(c) subpoenas: (1) relevancy; (2) admissibility; and (3) specificity.  418 U.S. 683, 699-700 (1974).  We address each subpoena individually.

    a. **GoDaddy.com, LLC**

        i. **Relevancy**

The Government cannot meet the burden of showing that the GoDaddy Electronic Service Provider Records, for the time period beginning before the alleged events in the Indictment, are relevant.  In the application for the GoDaddy.com subpoena, the Government seeks over one years' worth of records for seven different accounts, a portion of which has been redacted from the filing made available to the defense.  The Indictment alleges three counts of Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2.  The alleged transmissions occurred on three specific dates, November 26, 2013, December 5, 2013, and December 11, 2013, in a two-week time period, not the 13-month period requested.  Therefore, records outside of these three dates are clearly not relevant.

    The Indictment alleges the transmission originating email location was Cleveland, Ohio and the pass-through e-mail account server location was the GoDaddy server located in Arizona.  Based on discovery provided and reviewed thus far, the Government has failed to produce any evidence supporting the locations alleged in paragraph 55 of the Indictment.  However, based on the Indictment, the Government believed GoDaddy servers were utilized in the alleged

5

transmissions and therefore were aware of the potential relevancy of the records at the time of the Indictment. Given the wire fraud allegations, we question the veracity of the grand jury presentation without such records. Without evidence to substantiate the allegations in the Indictment, and evidence that the Government has exhausted all other sources of information, the defense has no grounds to believe the GoDaddy records are relevant. Pre-indictment, when it had all the power, the Government felt the records were not relevant for discovery or presentation to the grand jury. The Government's use of 17(c) at this juncture to remedy a flawed investigation is an abuse of power.

In the Government's Application for Production of Records Before Trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, they fail to identify the relevancy of the records sought, as required by *Nixon*. Since the Government has not limited the request to relevant material or explained the potential relevancy to the charges in the Indictment, the Court should hold that the subpoena fails to meet the relevancy requirement set forth in *Nixon*.

### ii. Admissibility

Next, Tyson submits that these records are inadmissible because they are not relevant, as described above. The Government's use of 17(c) to obtain records, for a time period where limited criminal activity was alleged, cannot possibly have a tendency to make a fact more or less probable and lead to evidence that could be of consequence in this action. Therefore, Tyson anticipates that the GoDaddy records will be inadmissible at trial. In the Government's Application for Production of Records Before Trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, they fail to identify the grounds for admissibility of the records sought, as required by *Nixon*. Since the Government has not limited the request to admissible material or explained the admissibility

of the records, the Court should hold that the subpoena fails to meet the application requirements under Rule 17(c).

### iii. Specificity

The third "hurdle" that the Government must clear is that of specificity. The GoDaddy subpoena is not specific in time and simply requests the same general information requested from Rackspace and Microsoft. The main acts alleged in the Indictment relate to specific transmissions on November 26, 2013, December 5, 2013, and December 11, 2013. Despite these very specific dates and times, the Government has requested ten general types of information over a thirteen-month period. This is a general fishing expedition into records that relate to a time period before and after the alleged events and for records that the party may not maintain. A party's request will generally be sufficiently specific if "it limits documents to a reasonable period of time and states with reasonable precision the subjects to which the documents relate." *United States v. Wittig,* 250 F.R.D. 548, 552 (D. Kan. 2008); see also *United States v. Shanahan*, 252 F.R.D. 536, 540 (E.D. Mo. 2008) ("As the period of time increases, so must the subpoena's particularity."). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes something useful will turn up, the requirement of specificity will not have been met." *United States v. Tucker*, 249 F.R.D. 58, 62-63 (S.D.N.Y. 2008); accord *Wittig*, 250 F.R.D. at 552 ("The specificity and relevance requirements demand more than the title of a document and conjecture concerning its contents.").

The Government failed to specify the time period in any meaningful way and requested broad categories of information. For example, the Government requests, "Telephone or instrument numbers (including MAC addresses), All VOIP or other phone call detail records." The Government does not specify what is meant by "call detail records." Call details records can

7

include location data that establish the whereabouts of an individual during the entirety of the call. Pursuant to *Carpenter v. United States*, individuals have a reasonable expectation of privacy in their cell-site location information and obtaining such information constitutes a search requiring a warrant. 138 S.Ct. 2206 (2018). Given the broad and generic nature of the Government's request and the lack of specificity required under *Nixon*, the application must be denied.

It is also unclear whether GoDaddy, a publicly traded internet domain registration and web hosting company, even maintains such records or provides the types of services indicated in the subpoena. The lack of specificity in these requests for the types of records and the time period is clearly a fishing expedition in violation of *Nixon.* Therefore, the Government's application for GoDaddy records should be denied.

    b. **Rackspace US, LLC**

        i. **Relevancy**

The Government cannot meet the burden of showing that the Rackspace Electronic Service Provider Records, for the time period beginning before the alleged events in the Indictment, are relevant. In the application for the Rackspace subpoena, the Government seeks over one years' worth of records for five different accounts, a portion of which has been redacted from the filing made available to the defense. The Indictment alleges three counts of Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2. The alleged transmissions occurred on three specific dates, November 26, 2013, December 5, 2013, and December 11, 2013, in a two-week time period, not the 13-month period requested. Therefore, records outside of these three dates are clearly not relevant.

The Indictment alleges the transmission originating email location was Cleveland, Ohio and the pass-through e-mail account server location was the GoDaddy server located in Arizona.

Based on discovery provided and reviewed thus far, the Government has failed to produce any evidence supporting the locations alleged in paragraph 55 of the Indictment. However, based on discovery produced by the Government, the Government had actual or constructive knowledge, pre-indictment, of the Cuyahoga County Land Bank's use of Rackspace and therefore were aware of the potential relevancy of the records at the time of the Indictment. Without evidence to substantiate these allegations, or evidence to suggest they have exhausted all other sources of information, the defense has no grounds to believe the Rackspace records are relevant. Pre-indictment, the Government felt the records were not relevant enough for discovery. The Government's use of 17(c) at this juncture to remedy a flawed investigation is an abuse of power.

In the Government's Application for Production of Records Before Trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, they fail to identify the relevancy of the records sought, as required by *Nixon*. Since the Government has not limited the request to relevant material or explained the potential relevancy to the charges in the Indictment, the Court should hold that the subpoena fails to meet the relevancy requirement set forth in *Nixon*.

### ii. Admissibility

Next, Tyson submits that these records are inadmissible because they are not relevant, as described above. The Government's use of 17(c) to obtain records, for a time period where limited criminal activity was alleged, cannot possibly have a tendency to make a fact more or less probable and lead to evidence that could be of consequence in this action. Therefore, Tyson anticipates that the Rackspace records will be inadmissible at trial. In the Government's Application for Production of Records Before Trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, they fail to identify the grounds for admissibility of the records sought, as required by *Nixon*. Since the Government has not limited the request to admissible material or explained the

9

admissibility of the records, the Court should hold that the subpoena fails to meet the application requirements under Rule 17(c).

### iii. Specificity

The third "hurdle" that the Government must clear is that of specificity. The Rackspace subpoena is not specific in time and simply requests the same general information requested from GoDaddy and Microsoft, albeit for five rather than seven accounts. The main wires alleged in the Indictment related to the transmissions on November 26, 2013, December 5, 2013, and December 11, 2013. Despite these very specific dates, the Government has requested ten general types of information over a thirteen-month period. This is clearly a general fishing expedition as the records relate to the time period before and after the alleged events and for records that the party may not maintain. A party's request will generally be sufficiently specific if "it limits documents to a reasonable period of time and states with reasonable precision the subjects to which the documents relate." *United States v. Wittig,* 250 F.R.D. 548, 552 (D. Kan. 2008); see also *United States v. Shanahan*, 252 F.R.D. 536, 540 (E.D. Mo. 2008) ("As the period of time increases, so must the subpoena's particularity."). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes something useful will turn up, the requirement of specificity will not have been met." *United States v. Tucker*, 249 F.R.D. 58, 62-63 (S.D.N.Y. 2008); accord *Wittig*, 250 F.R.D. at 552 ("The specificity and relevance requirements demand more than the title of a document and conjecture concerning its contents.").

The Government failed to specify the time period in any meaningful way and requested broad categories of information. For example, the Government requests, "Telephone or instrument numbers (including MAC addresses), All VOIP or other phone call detail records." The

10

Government does not specify what is meant by "call detail records." Call details records can include location data that establish the whereabouts of an individual during the entirety of the call. Pursuant to *Carpenter v. United States*, individuals have a reasonable expectation of privacy in their cell-site location information and obtaining such information constitutes a search requiring a warrant. 138 S.Ct. 2206 (2018). Given the broad and generic nature of the Government's request and the lack of specificity in contradiction with *Nixon*, the application must be denied.

It is also unclear whether Rackspace, a cloud computing company, even maintains such records or provides the types of services indicated in the subpoena. The lack of specificity in these requests for the types of records and the time period is clearly a fishing expedition in violation of *Nixon*. Therefore, the Government's application for Rackspace records should be denied.

    c. **Microsoft Online Services**

        i. **Relevancy**

The Government cannot meet the burden of showing that the Microsoft Electronic Service Provider Records, for the time period beginning before the alleged events in the Indictment, are relevant. In the application for the Microsoft subpoena, the Government seeks over one years' worth of records for seven different accounts, a portion of which has been redacted from the filing made available to the defense. The Indictment alleges three counts of Honest Services Wire Fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2. The alleged transmissions occurred on three specific dates, November 26, 2013, December 5, 2013, and December 11, 2013, in a two-week time period, not the 13-month period requested. Therefore, Tyson submits the records outside of these three dates are not relevant.

The Indictment alleges the transmission originating email location was Cleveland, Ohio and the pass-through e-mail account server location was the GoDaddy server located in Arizona.

Based on discovery provided and reviewed thus far, the Government has failed to produce any evidence supporting the locations alleged in paragraph 55 of the Indictment.  However, based on discovery produced by the Government, the Government had actual or constructive knowledge pre-indictment of the Cuyahoga County Land Bank's use of Microsoft products and therefore were aware of the potential relevancy of the records at the time of the Indictment.  Without evidence to substantiate this request, the defense has no grounds to believe the Microsoft records are relevant. The Government, prior to indictment, felt the records were not relevant enough for discovery or their presentation.  The Government's use of 17(c) at this juncture to remedy a flawed investigation is an abuse of power.

In the Government's Application for Production of Records Before Trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, they fail to identify the relevancy of the records sought, as required by *Nixon*.  Since the Government has not limited the request to relevant material or explained the potential relevancy to the charges in the Indictment, the Court should hold that the subpoena fails to meet the relevancy requirement set forth in *Nixon*.

### ii. Admissibility

Next, Tyson submits that these records are inadmissible because they are not relevant, as described above. The Government's use of 17(c) to obtain records, for a time period where limited criminal activity was alleged, cannot possibly have a tendency to make a fact more or less probable and lead to evidence that could be of consequence in this action.  Therefore, Tyson anticipates that the Microsoft records will be inadmissible at trial.  In the Government's Application for Production of Records Before Trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, they fail to identify the grounds for admissibility of the records sought, as required by *Nixon*.  Since the Government has not limited the request to admissible material or explained the admissibility

12

of the records, the Court should hold that the subpoena fails to meet the application requirements under Rule 17(c).

### iii. Specificity

The third "hurdle" that the Government must clear is that of specificity. The Microsoft subpoena is not specific in time and simply requests the same general information requested from GoDaddy and Rackspace. The main acts alleged in the Indictment related to specific transmissions on November 26, 2013, December 5, 2013, and December 11, 2013. Despite these very specific dates and times, the Government has requested ten general types of information over a thirteen-month period. This is clearly a general fishing expedition as the records relate to the time period before and after the alleged events and for records that the party may not maintain. A party's request will generally be sufficiently specific if "it limits documents to a reasonable period of time and states with reasonable precision the subjects to which the documents relate." *United States v. Wittig,* 250 F.R.D. 548, 552 (D. Kan. 2008); see also *United States v. Shanahan*, 252 F.R.D. 536, 540 (E.D. Mo. 2008) ("As the period of time increases, so must the subpoena's particularity."). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes something useful will turn up, the requirement of specificity will not have been met." *United States v. Tucker*, 249 F.R.D. 58, 62-63 (S.D.N.Y. 2008); accord *Wittig*, 250 F.R.D. at 552 ("The specificity and relevance requirements demand more than the title of a document and conjecture concerning its contents.").

The Government failed to specify the time period in any meaningful way and requested broad categories of information. For example, the Government requests, "Telephone or instrument numbers (including MAC addresses), All VOIP or other phone call detail records." The Government does not specify what is meant by "call detail records." Call details records can

13

include location data that establish the whereabouts of an individual during the entirety of the call. Pursuant to *Carpenter v. United States*, individuals have a reasonable expectation of privacy in their cell-site location information and obtaining such information constitutes a search requiring a warrant. 138 S.Ct. 2206 (2018). Given the broad and generic nature of the Government's request and the lack of specificity required under *Nixon*, the application must be denied.

It is also unclear whether Microsoft Online Services, Microsoft's hosted software offering, even maintains such records or provides the types of services indicated in the subpoena during the time period requested. The records produced in discovery indicate that the Cuyahoga County Land Bank upgraded the organization's email to Office365 in May of 2014, four months after the time period requested in the subpoena. The lack of specificity in these requests for the types of records and the time period amounts to a fishing expedition in violation of *Nixon*. Therefore, the Government's application for Rackspace records should be denied.

    d. **Cardinal Community Credit Union**

        i. **Relevancy**

The Government has requested the court to issue a subpoena to Cardinal Community Credit Union for bank records related to Kenneth Tyson/EPIC Lifestyle LLC. The Government cannot meet the burden of showing that the financial records of EPIC Lifestyle, under the ownership of Tyson, for the time period beginning after the alleged events in the indictment and continuing to the present, are relevant. In the application for the Cardinal Community Credit Union subpoena, the Government seeks nearly five and half years' worth of records. Nearly all of the alleged events, that give rise to the indictment, occurred in the fall of 2013, or before the requested records. Based on the indictment, EPIC Lifestyle is alleged to have owned the home, where the alleged repairs are at issue, from June 18, 2013 to September 21, 2015. However, neither the indictment, nor the

limited records provided in discovery, allege any criminal conduct on behalf of EPIC Lifestyle. The Government alleges that free services were provided. This unreasonable and oppressive request amounts to a fishing expedition of the grandest scale.

Based on discovery provided thus far, the Government felt bank records were relevant to the grand jury process. The Government demonstrated its ability to subpoena and obtain five separate accounts for Tyson. The Government was also aware of EPIC Lifestyle at the time of the Indictment. Pre-indictment, when it had all the power, the Government felt the records were not relevant for discovery or presentation to the grand jury. The Government's use of 17(c) at this juncture is an abuse of power.

In the Government's Application for Production of Records Before Trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, they fail to identify the relevancy of the records sought, as required by *Nixon*. Since the Government has not limited the request to material relevant to the charges in the Indictment and no conceivably relevant material exists in records sought, the Court should hold that the subpoena fails to meet the relevancy requirement set forth in *Nixon*.

### ii. Admissibility

Next, Tyson submits that these records are inadmissible because they are not relevant, as described above. The Government's use of 17(c) to obtain business account information from Tyson, for a time period where no criminal activity was alleged, cannot possibly have a tendency to make a fact more or less probable and lead to evidence that could be of consequence in this action. Therefore, Tyson submits that the Cardinal Community Credit Union records will be inadmissible at trial.

### iii. Specificity

The third "hurdle" that the Government must clear is that of specificity. The Government has requested "any and all records" relative to "Kenneth Tyson / EPIC Lifestyle LLC" for a five-and-a-half-year period. This is clearly a general fishing expedition as the records relate to the time period after the alleged events. A party's request will generally be sufficiently specific if "it limits documents to a reasonable period of time and states with reasonable precision the subjects to which the documents relate." *United States v. Wittig,* 250 F.R.D. 548, 552 (D. Kan. 2008); see also *United States v. Shanahan*, 252 F.R.D. 536, 540 (E.D. Mo. 2008) ("As the period of time increases, so must the subpoena's particularity."). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes something useful will turn up, the requirement of specificity will not have been met." *United States v. Tucker*, 249 F.R.D. 58, 62-63 (S.D.N.Y. 2008); accord *Wittig*, 250 F.R.D. at 552 ("The specificity and relevance requirements demand more than the title of a document and conjecture concerning its contents.").

The Government failed to specify the time period in any meaningful way and requested "any and all records," clearly a quintessential fishing expedition. See e.g. *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the [party] is engaging in the type of 'fishing expedition' prohibited by Nixon."); *United States v. Al-Amin*, No. 1:12-CR-50, 2013 WL 3865079, at *7 (E.D. Tenn. July 25, 2013) ("Courts have also noted that 'any and all' requests are particularly suspect under the specificity prong of a Rule 17(c) analysis."); *United States v. Reyes*, 239 F.R.D. 591, 606 (N.D. Cal. 2006) ("Where, as here, a [party] requests any and all information related to a particular policy or procedure, courts have rejected such requests as an abuse of Rule 17(c)."). The Government's request amounts to a

16

fishing expedition into EPIC's bank records.  Therefore, the Application for Production of Records before Trial -Rule 17(c) subpoena for Cardinal Community Credit Union should be denied.

### III.    CONCLUSION

The Government's subpoenas are neither relevant, admissible or specific.  For good cause shown, Defendant respectfully requests that this honorable Court deny the Government's Application for Production of Records before Trial -Rule 17(c).

Respectfully submitted,

/s/ *Edward Fadel*
Edward Fadel (OH: 0085351)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Telephone: (216) 232-2876
Facsimile: (216) 232-2876
Email: edward@flannerygeorgalis.com

*Attorney for Defendant Kenneth Tyson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2019 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Edward Fadel*
Edward Fadel

*Attorney for Defendant Kenneth Tyson*