

www.flannerygeorgalis.com

Christos N. Georgalis
Office: 216-367-2095
Mobile: 216-374-1890
chris@flannerygeorgalis.com

May 8, 2019

**BY EMAIL AND REGULAR U.S. MAIL**

Robert W. Kern
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Ohio
801 W. Superior Ave., Suite 400
Cleveland, OH 44113-1852
Robert.Kern@usdoj.gov

  Re: *United States v. Kenneth Tyson*, Case No. 1:18-CR-708

Dear Bob:

  We continue to appreciate your assistance while AUSA Henderson and AUSA Rice are on leave. Several of our original requests, made four months ago, remain outstanding that materially affect Mr. Tyson's ability to proceed in a timely and effective manner. Further, the defense seeks information that the Government has in its possession or is easily accessible by the Government from its lead cooperators and other witnesses.

  Based on our review, it is clear that the Government's case depends entirely upon the uncorroborated accusations of the lead cooperator, Mike Riley, who, as your office likely knows, has multiple aliases and legal names, some of which include George Michael Riley, Sr. and Anthony Michael Castello. Based on the Indictment, search warrant affidavit, and discovery produced to date, the Government has met, and discussed this case with, this individual on multiple occasions. Given the Government's unquestioning reliance upon this individual, we request any and all information in the Government's possession, custody, and control that is material to preparing the defense, including, all documents regarding Mike Riley or any of his aliases. This request is not new, like our others, but re-emphasizes request 15 from our letter dated January 7, 2019.

  While by no means an exhaustive list, to assist the Government in meeting its discovery obligations, below are the categories of documents that the Government must produce regarding this individual:

Flannery | Georgalis, LLC
One Cleveland Center
1375 E. 9th Street, 30th Floor
Cleveland, Ohio 44114

Frank R. Recker, DDS & Associates Co., L.P.A.
Of Counsel
One W. 4th Street, Suite 2606
Cincinnati, Ohio 45202

1. Produce the entire case file, including any and all communications and documents, in the possession, custody, and control of any local, state, and federal investigators, agents, lawyers, and prosecutors involved in any criminal, civil, administrative, or regulatory investigation or prosecution of Mike Riley or his businesses, including Arco Recycling (hereinafter, "All Other Matters"). This request specifically and explicitly includes, but is not limited to, all email, text message, and voicemail communications regarding this matter or All Other Matters. The request specifically and explicitly also includes, but is not limited to, the U.S. Environmental Protection Agency and its involvement with Arco Recycling.

2. Produce any and all agreements, whether executed or unexecuted, draft or in final form, and documents relating to said agreements, in this matter or All Other Matters, regarding the cooperation of, substantial assistance by, or any other benefit conferred to, Mike Riley and his businesses, including but not limited to, non-prosecution agreements, deferred prosecution agreements, diversions, proffer agreements, and the like.

3. Produce any and all tax related documents and filings, or lack thereof, IRS/DOJ Tax generated reports or memoranda, loan documents, financial information, credit history, bank records and financial statements, and/or bankruptcy filings regarding Mike Riley and his businesses.

4. Produce any and all oral, written, transcribed, or otherwise recorded statements of Mike Riley, whether sworn under oath or not. This includes, but is not limited to, depositions, probate filings, or notarized documents.

5. Produce any and all medical records that reflect upon Mike Riley's memory, mental state, or head trauma.

6. Produce any and all of Mike Riley's criminal history reports, probation and prison records, accomplice and/or co-conspirator identifying information, and addresses of residence and associated dates of residence of said accomplices and co-conspirators.

7. All prior drafts and iterations, as well as communications regarding the same, of the document produced in discovery titled "UPDATED Affidavit_KT SW APP-final 10.18.18 (1).pdf"

The above requests are repeated and re-incorporated herein as they relate to any other cooperator, indicted or unindicted co-conspirator, and their businesses, including but not limited to, Mike Smedley, Joe Mazzola, Vernon Wright, Latasha Atteberry, Jason Strzala, Ralph Cruz, John Pappas, and the other J.P. listed in the Indictment if not John Pappas and "others known and unknown to the grand jury" as set forth in the Indictment.

In addition to the above requests, several of our specific discovery requests are still outstanding. As we have stated previously, we are requesting full production of records responsive to our discovery requests, or an indication that the Government does not intend to produce so we may respond accordingly. Specifically, the following defense requests are still outstanding:

- <u>Original Request 5</u>: The complete files—including but not limited to all reports, correspondence, other communications (including emails), notes, and working papers—of all audits of the Cuyahoga County Land Reutilization Corporation (hereinafter, the "Land Bank") related to funds received through the Troubled Asset Relief Program (hereinafter, "TARP") conducted by the U.S. Department of Housing and Urban Development (hereinafter, "HUD"), the Office of the Special Inspector General for the Troubled Asset Relief Program (hereinafter, "SIGTARP"), the Ohio State Auditor, and/or any other State or federal agency.

- <u>Original Request 6</u>: The complete files—including but not limited to all reports, correspondence, other communications (including emails), notes, and working papers—of all audits of the Land Bank related to funds received from other (non-TARP) City, County, State, or federal programs, whether conducted by HUD, SIGTARP, the Ohio State Auditor, or another State or federal agency.

- <u>Original Request 7</u>: A detailed description of the procedures and mechanisms through which the Land Bank allegedly received HUD Neighborhood Stabilization Funds ("NSP2 funds") between January 2013 and January 2014.

- <u>Original Request 8</u>: Any and all budget documents, accounting books, interim and annual financial reports, policy and training documents, and internal-control procedures of the Land Bank.

- <u>Original Request 9</u>: The identity of any and all sources of information (hereinafter, "SOI") that are or were key witnesses or part of the prosecution team, or who played an active role in the events underlying Defendant's alleged criminal liability, and any written communications between prosecutors and law-enforcement agents and any such SOI.

- <u>Original Request 10</u>: We requested any and all financial records for cooperating witnesses or SOIs, including but not limited to bank statements, checks, and invoices. We have received financial records from On Call Plumbing, Drain Guru, and CLB Services. But we have not received financial records for parties like Michael Riley, RCI Services, Mike Smedley, Joe Mazzola, Chrissy Beynon, Latasha Atteberry, Jason Strzala, Chris Lurz, John Pappas, Ralph Cruz, and Trapp Masonry & Concrete (beyond a screenshot of a check that is essentially illegible).

- <u>Original Request 11</u>: The full names of all individuals listed in the Indictment by initials only.

- <u>Request April 23, 2019</u>: Paragraph 14 of the Affidavit avers that law-enforcement conducted a telephone analysis that revealed over 270 telephone calls and text messages between Mr. Tyson and the CHS between January 1, 2014–October 2018. We are requesting this analysis, including who conducted the analysis, access to the phone that was analyzed, the procedures for the analysis, and any other information used to form the basis of Paragraph 14, not just what the Government deems "relevant" to disclosure. This information falls squarely within Rule 16 and has notably been absent from discovery production.

Although we would like to resolve these discovery issues, continued delay will require court intervention. To adequately prepare for pretrial motions and trial, the defense is entitled to this information immediately. Given the volume of information, a significant amount of time is required to make effective use of it. We therefore request that the Government address each of our discovery issues as promptly as possible, no later than Wednesday, May 15, 2019.

If you have any questions, kindly let us know.

Sincerely,

Chris N. Georgalis


cc: AUSA Carmen Henderson (via email only)
      AUSA Chelsea Rice (via email only)
      Edward Fadel, Esq. (via email only)
      Kevin Vogel, Esq. (via email only)