# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-CR-708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S REPLY IN SUPPORT** |
| KENNETH TYSON, | ) | **OF MOTION FOR LEAVE TO FILE A** |
| | ) | **MOTION FOR A BILL OF** |
| Defendant. | ) | **PARTICULARS** |
| | ) | |

In his motion for leave to file a motion for a bill of particulars, defendant Kenneth Tyson enumerated three separate grounds for his request. First, it was necessary for the defense to conduct its own investigation and to thoroughly review the discovery provided by the government before requesting leave to file a motion for a bill of particulars. Second, because trial is still *months* away, the government will not be prejudiced by the Court's granting Mr. Tyson leave to file his narrow, easily-complied-with request. Third, the merits of Mr. Tyson's request are strong, as reflected in the proposed motion attached to Mr. Tyson's opening brief.

In its response asking this Court to deny Mr. Tyson leave to file, the government does not even mention grounds two and three, above, and therefore concedes both that the government will not be prejudiced by the Court's granting Mr. Tyson leave *and* that the merits of Mr. Tyson's request are, in fact, strong. Instead, the government takes issue only with the first ground, arguing that, because two months passed between the government's most recent document dump and Mr. Tyson's request (five months have passed, the government says, between its most recent "relevant" document production, Gov't Br., ECF No. 73, at 2, and the date of Mr. Tyson's request), leave should be denied. But the government does not contest the principle that, in deciding whether to

grant a request for a bill of particulars, "[a] court is . . . to consider the other available sources of information" on which the defendant could rely and that, therefore, it was appropriate for defense counsel to conduct a thorough review of the government's productions, as well as conduct its own investigation, prior to filing this motion for leave. *United States v. Adan*, No. 10-CR-260, 2012 U.S. Dist. LEXIS 27497, at *11 (M.D. Tenn. Mar. 1, 2012).

Any insinuation by the government that the *defense* should have completed this discovery review process sooner is, under the circumstances, disingenuous. As the government admits in its brief, it has so far provided discovery, in fits and starts, over a 7.5-month period. From February through June 2019, the government produced in excess of 50,000 "relevant" documents, constituting over 129,000 pages. Then, immediately following the completion of that set of productions, on June 25, 2019, the government improperly alleged that Mr. Tyson's lead counsel should be disqualified due to conflict, resulting in a multi-month discovery delay, during which time counsel necessarily focused on resolving the baseless conflict allegation. The court resolved that dispute on September 4, 2019. Order, ECF No. 50. On September 17, 2019, the government provided an additional 320 gigabytes of "irrelevant" information.[1]

Courts may consider the quality and timing of discovery in determining whether to grant leave for a motion for a bill of particulars. In *United States v. Jeffries*, No. 3:10–CR–100, 2011 WL 613354, at *2 (E.D. Tenn. Feb. 11, 2011), for example, the court granted leave to file a motion for bill of particulars where discovery was provided after the cut-off to file the motion. To the

---

[1] The government characterizes this information as irrelevant to the case. *See* Gov't Br., ECF No. 73, at 2. Mr. Tyson strongly disagrees. This is not the first time the government has inaccurately characterized certain types of documents as "irrelevant." On prior occasions, the government withheld self-described "irrelevant" information. Only after renewed, strenuous requests did the government subsequently provide the sought-after documents. Review of those documents yielded relevant, material information for the defense. *See* Defendant's Motion to Compel Production and Request for Hearing (Exs. C & G), ECF No. 60, Page ID #501-502.

extent it urges denial of Mr. Tyson's motion on the basis of delay, therefore, the government should reflect on the fact that it bears full responsibility for that delay.

The government also argues that Mr. Tyson is somehow attempting to game the discovery process, asserting that Mr. Tyson has "filed numerous motions" and that Mr. Tyson is attempting to use his proposed motion for a bill of particulars as a vehicle to "obtain early disclosure of witness statements and potential impeachment information." Gov't Br., ECF No. 73, at 2-3. Both allegations are utterly meritless. Regarding the alleged "numerous motions," in fact Mr. Tyson has filed *only one* other discovery-related motion. *See* Motion to Compel, ECF No. 60. And the allegation that Mr. Tyson is trying to use his motion for a bill of particulars "to obtain early disclosure of witness statements and potential impeachment information" is even more puzzling and misguided. As Mr. Tyson has made clear, he seeks only a bill of particulars setting forth the date, time, and location of the meeting at the center of the indictment. There is not even the remotest possibility that such a bill of particulars would disclose "witness statements,"[2] nor is such basic information a form of "potential impeachment" to which Mr. Tyson is not entitled pre-trial. Rather, Tyson merely requests this information—which could be provided in a single sentence— "to minimize surprise and assist [the] defendant in obtaining information needed to prepare a defense and to preclude a second prosecution for the same crimes.'" *United States v. Mohammad*, No. 10-CR-389, 2012 U.S. Dist. LEXIS 139497, at *18 (N.D. Ohio Sep. 27, 2012).

For these reasons and those stated in his opening brief, Mr. Tyson respectfully asks that the Court grant him leave to file his (Proposed) Motion for Bill of Particulars.

Respectfully submitted,

---

[2] To the extent the fact of the alleged meeting can be considered a statement in any sense, that statement has already been disclosed via the allegations in the indictment. Mr. Tyson simply seeks clearer allegations regarding the already-alleged meeting.

3

/s/ *Chris N. Georgalis*
Christos N. Georgalis (OH: 0079433)
Edward Fadel (OH: 0085351)
**Flannery │ Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Telephone: (216) 367-2095
Email: chris@flannerygeorgalis.com

*Attorney for Defendant Kenneth Tyson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2019, this Defendant's Reply in Support of Motion for Leave to file Motion for Bill of Particulars was filed with the via the Court's ECF system. Counsel of record will receive notice of, and be able to access, the filing via the ECF system.

    /s/*Chris N. Georgalis*
Chris N. Georgalis

*An Attorney for Defendant Kenneth Tyson*