# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH TYSON, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Kenneth Tyson's Motion to Compel Production of certain documents under Federal Rule of Civil Procedure 16. (Doc. 60). For the following reasons, Defendant's Motion is **GRANTED, in part**.

## I. BACKGROUND

On November 21, 2018, the Grand Jury indicted Defendant with one count of Conspiracy to Commit Bribery and Honest Services Fraud, in violation of 18 U.S.C. § 371; three counts of Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346 and 2; and one count of Bribery in Federally Funded Programs, in violation of 18 U.S.C. § 666(a)(1)(B). (Doc. 1). Defendant pleaded not guilty to all counts.

Discovery commenced pursuant to a Protective Order. (*See* Doc. 21). According to Defendant, the discovery process has been slow, drawn out and frustrating. According to the Government, it has produced a large swath of materials and complied with its legal obligations. Moreover, the Government believes Defendant is not yet entitled to certain materials.

This disagreement prompted Defendant to file a Motion to Compel additional evidence on October 23, 2019. (Doc. 60). The Government responded on October 31, 2019 requesting the Court deny Defendant's Motion in its entirety. (Doc. 64). Defendant filed a Reply in support of his Motion on November 6, 2019. (Doc. 68).

## II. LAW & ANALYSIS

**A.     Standard of Review**

"In most criminal prosecutions, three governing rules," i) Federal Rule of Criminal Procedure 16; ii) the *Brady*[1] doctrine; and iii) the Jencks Act, 18 U.S.C. § 3500, "'exhaust the universe of discovery to which the defendant is entitled.'" *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988)). Thus, the scope of criminal discovery is limited as compared to civil discovery. *See Degen v. United States*, 517 U.S. 820, 825-26 (1996).

*i.     Federal Rule of Criminal Procedure 16*

Federal Rule of Criminal Procedure 16 "is the primary means of discovery in criminal cases." *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013). "Upon request, Rule 16 requires the government to 'permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items.'" *Id.* (quoting FED. R. CRIM. P. 16(a)(1)(E)). This obligation however, "does not arise unless 'the item is within the government's possession, custody, or control *and*: i) the item is material to preparing the defense; ii) the government intends to use the item in its case-in-chief at trial; or iii) the item was obtained from or belongs to the defendant.'" *Id.* (quoting FED. R. CRIM. P. 16(a)(1)(E)) (emphasis in original).

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1962).

In order to be 'within the government's possession, custody, or control,' the material must either be "in the actual possession of the prosecutor or if the prosecutor has knowledge of and access to the material while it is in the possession of another federal agency." *United States v. Skaggs*, 327 F.R.D. 165, 174 (S.D. Ohio 2018). "The prosecution is deemed to have knowledge of and access to the material that is in the possession of any federal agency that participated in the investigation that led to defendant's indictment, or that has otherwise cooperated with the prosecution." *Id.* Importantly however, Rule 16 "does not contain a due diligence requirement for the [g]overnment to affirmatively inquire of all federal, state and local law enforcement agencies" for discoverable evidence. *United States v. Mills*, 2019 WL 3423318, at *3 (E.D. Mich. July 30, 2019).

As discussed, Rule 16 authorizes discovery of documents that are material to the preparation of the defense. FED. R. CRIM. P. 16(a)(1)(E)(i). "Materiality under Rule 16 has not been authoritatively defined in the Sixth Circuit." *United States v. Lykins*, 428 Fed. App'x 621, 624 (6th Cir. July 6, 2011). However, when reviewing for materiality, courts "consider the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *Id*. 'Defense' in this context means "the defendant's response to the [g]overnment's case in chief." *Id.* (quoting *United States v. Armstrong*, 517 U.S. 456, 462 (1996)). Finally, the defendant bears the burden in establishing materiality. *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991). General descriptions or conclusory allegations of materiality will not suffice. *Id.*; *see also United States v. Popa*, 369 F. Supp. 3d 833, 837 (N.D. Ohio 2019) (Pearson, J.).

Lastly, "the discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions." *Presser*, 844 F.2d at 1285.

### ii. The Brady Doctrine

"[T]he obligation the *Brady* rule imposes on the government is…'to turn over evidence in its possession that is *both* favorable to the accused and material to guilt or punishment.'" *Presser*, 844 F.2d at 1281 (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)). That obligation was extended to evidence which may undermine the credibility of a given witness in *Giglio v. United States*. *See* 405 U.S. 150, 154-55 (1972). However, neither *Brady* nor *Giglio* created a general right to pre-trial discovery in a criminal proceeding. *Presser*, 844 F.2d at 1283. All that *Brady* and *Giglio* require is disclosure in time for "effective use" at trial. *Id.*

### iii. The Jencks Act

"The Jencks Act 'generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial.'" *Watson*, 787 F. Supp. 2d at 672 (quoting *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982)). The Act "prohibits a court from ordering disclosure of Jencks material before the witness has testified in direct examination." *Id.* at 673 (citing 18 U.S.C. § 3500(a)).

"If impeachment evidence is within the ambit of the Jencks Act, then the express provisions of the Jencks Act control discovery of that kind of evidence." *Presser*, 844 F.2d at 1283. The Sixth Circuit has been consistent—"the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." *Id.* (citing additional authority).

## B. Defining the 'Prosecution Team'

A threshold issue applicable to many of Defendant's arguments is whether the information requested is 'within the government's possession, custody, or control.' The Government refers to this as the 'prosecution team.' While it does not elaborate on that term, it

seems to imply that civil investigators of the SIGTARP investigation team are not part of the prosecution team. (Doc. 64, PageID: 575-76).

Defendant argues the prosecution team is broader than the Government claims. At a minimum, Defendant believes the Department of Housing and Urban Development's Office of Inspector General ("HUD-IG"); the Office of Special Inspector General for the Troubled Asset Relief Program ("SIGTARP"); the Federal Bureau of Investigation ("FBI"); and the Internal Revenue Service–Criminal Investigations ("IRS-CI") make up the prosecution team.

The Court agrees with Defendant. For purposes of criminal discovery, the prosecution team includes "any federal agenc[ies] that *participated in the investigation* that led to defendant's indictment." *Skagg*, 327 F.R.D. at 174 (emphasis added). The Government's Press Release at the beginning of this case states the following: "This case *was investigated by* the Department of Housing and Urban Development's Office of Inspector General, The Office of the Special Inspector General for the Troubled Asset Relief Program, the Federal Bureau of Investigation and…the Internal Revenue Service–Criminal Investigations." (emphasis added).[2]

Therefore, for purposes of this Order, the "government" or "Prosecution Team" includes: HUD-IG, SIGTARP, the FBI and the IRS-CI.

C. **General Discussion of Parties' Arguments**

Beyond his belief that he is entitled to each request *carte blanche*, Defendant has general problems with the way the Government conducted the discovery process. According to Defendant, the Government's "boilerplate" responses have frustrated and complicated the

---

[2] THE U.S. ATTORNEY'S OFFICE, N. DIST. OF OHIO, Cuyahoga County Land Bank employee indicted for soliciting and accepting improvements to his property in Cleveland Heights in return for assisting a demolition company get contracts, 2 (Nov. 26, 2018) https://www.justice.gov/usao-ndoh/pr/cuyahoga-county-land-bank-employee-indicted-soliciting-and-accepting-improvements-his

discovery process.  Moreover, when the Government has produced documents, that production has been piecemealed and sporadic.  In all, the Government's behavior has made Defendant "lose his faith" in the Government's handling of this matter.

The Government, counters arguing that generally, Defendant is not entitled to any of the requested information.  According to the Government, its pre-trial discovery obligations are limited.  With respect to information that may contain impeachment material, the Government says it will produce that information in time for Defendant's reasonable use at trial.  The Government sets forth an outline of the week before trial for all impeachment material and the Friday before trial for all Jencks material.  (Doc. 64, PageID: 582).

While the Court understands Defendant's arguments considering the boilerplate recitals from the Government, Defendant's general understanding of the timing of producing impeachment material is too broad.  As discussed above, *Brady* did not expand the rights of pre-trial discovery.  It created a Constitutional minimum—exculpatory and impeachment material must be produced in time for effective use at trial.  *Presser*, 844 F.2d at 1283.  The rule in *Brady* pertains to a defendant's guilt or innocence and not to a defendant's ability or inability to prepare for trial.  *Phillip*, 948 F.2d at 249 (citing *United States v. Agurs*, 427 U.S. 91, 112 n.20 (1976)).  Rule 16 "provides no authority for compelling the pre-trial disclosure of *Brady* material." *Presser*, 844 F.2d at 1285; *United States v. Robinson*, 272 Fed App'x 421, 435 (6th Cir. Nov. 19, 2007) ("pretrial disclosure of exculpatory or impeachment evidence is not necessarily required under *Brady*").

Accordingly, the Court will not require the Government to disclose impeachment material pursuant to its obligations under Rule 16.  Whether the Government does that on its own accord is within its discretion.

**D.     Defendant's Specific Discovery Requests**

Defendant believes the Government must produce documents related to fifteen specific requests. As mentioned above, the Government objects to each request for one reason or another. The Court addresses each request as follows.

  *i.     The Case File Related to any Criminal, Civil, Administrative or Regulatory Investigation of M.R. or any of His Businesses by any Local, State or Federal Entity.*

Defendant is not entitled to this material at this time. First, as defined above, the Prosecution Team does not encompass local and state agencies. This is especially true for agencies that investigated M.R. rather than Defendant. Rule 16 covers government agencies involved in the investigation of the defendant that led to the indictment. It does not encompass government agencies who may have investigated a potential witness against Defendant.

To the extent the Government is aware of any impeachment material however, that must be produced in accordance with the Government's obligations under *Brady* and *Giglio*. As stated above, *Brady* and *Giglio* did not create a right to pre-trial discovery. Therefore, the Government's deadline for the distribution is sufficient.

  *ii.     Cooperation Agreement(s) and Related Materials for M.R. or His Business(es).*

Defendant is not entitled to cooperation agreements, if any, pertaining to M.R. at this time. "[A]n express agreement between the prosecution and a witness is possible impeachment material that must be turned over under *Brady*." *Bell v. Bell*, 512 F.3d 223, 233 (6th Cir. 2008) (citing *Giglio*, 405 U.S. at 154-55). However, Defendant is not entitled to pre-trial discovery of impeachment material since *Brady* did not create such a right. So long as Defendant is given the material in time for use at trial, the Constitution is not violated. Here, the Government intends to disclose any cooperation agreements with M.R. one-week prior to the trial, which is

constitutionally sufficient. *See United States v. Tucker*, 371 Fed. App'x 676, 678 (7th Cir. 2010) (Government did not violate *Brady* or Rule 16 when the government produced cooperation agreements four days prior to trial).

      *iii.*      *M.R. or His Business(es)' Tax and Other Financial Documents.*

The Court finds the information contained in Request Three material under Rule 16. The Indictment alleges M.R. or his business secured subcontractors to perform work on Defendant's property. According to the Government, Defendant did not pay for this work. Rather, M.R. or his businesses paid for the work in order to receive the benefit as a Land Bank demolition contractor. Thus, the finances of M.R. and his businesses during the relevant time are necessary to understand the flow of payments—whether to third party contractors or from Defendant to M.R.

The Government seems to agree that these documents fall within Rule 16. It has provided certain records sporadically during the discovery phase of this case. The Government mentions it will continue to comply with its obligations and will produce the applicable records. While Defendant argues about the timing of the Government's production of these records, he cannot dispute that the Government is producing the records.

Accordingly, the Government must produce documents responsive to this request. This includes documents in the possession, custody, or control of the Prosecution Team identified above. The Government is directed to file a certification with the Court by January 24, 2020 detailing its compliance with this Order.

      *iv.*      *All Statements Made by M.R. Orally, in Writing or Otherwise.*

Defendant is not entitled to M.R.'s statements, if any, at this time. Defendant concedes this material is governed by the Jencks Act. The Court cannot compel the early disclosure of

Jencks material. *Presser*, 844 F.2d at 1283-84. While the 'better practice' may be early disclosure, that decision is left solely with the Government. The Court will not require the Government disclose any Jencks material prior to its obligation or decision to do so.

  v. *All Medical Records that Reflect M.R.'s Memory, Mental State or Head Trauma.*

  Defendant is not entitled to M.R.'s mental records, if any, at this time. Mental records of a witness "do not fall within Rule 16 or the Jencks [A]ct" and "are only relevant…to the extent that they are potentially exculpable under *Brady*." *United States v. Castillo*, 2016 WL 4761777, at *3 (E.D. Mich. Sept. 13, 2016). Should the records fall within the realm of *Brady*, the Government and the Prosecution Team as defined above, must only produce the records it has, if any. *See United States v. Murphy*, 2011 WL 3942401, at *3 (S.D. Ohio Sept. 7, 2011) (the government only has to produce medical records within its possession, custody or control). Accordingly, Defendant is not entitled to M.R.'s mental health records at this time.

  vi. *M.R.'s Criminal History Reports and Related Data.*

  Defendant is not entitled to M.R.'s criminal history reports and related data at this time. "[T]he names and criminal records of government witnesses are not discoverable under Rule 16(b)." *United States v. Condor*, 423 F.2d 904, 910 (6th Cir. 1970). To the extent M.R.'s criminal history contains impeachment material, the Government must disclose it in compliance with its *Brady* and *Giglio* obligations.

  vii. *All Prior Drafts and Iterations of, as well as, all Communications regarding, the Document Produced in Discovery Titled "UPDATED Affidavit_KT SW APP-final 10.18.18(1).pdf."*

  Defendant is not entitled to drafts and prior communications regarding the requested document. Defendant claims this Affidavit concerns M.R.'s phone records, which will lead to question M.R.'s reliability and truthfulness. The Government counters by arguing that the

requested materials are internal government documents made by government agents for purposes of the investigation and thus protected from disclosure under Rule 16(a)(2). The Defendant does not challenge the Government's response.

The Court agrees with the Government. Defendant's request seeks drafts and communications that went into a final product. The Government has disclosed the final product to Defendant. Even without the protection afforded by Rule 16(a)(2), the Court fails to see how such drafts and internal communications—which are clearly work product—are material to preparing Defendant's defense.

Accordingly, the Court holds that Defendant is not entitled to drafts of, and communications about, the Affidavit regarding M.R.'s phone records.

> viii. *The Identity of all Witnesses and Other Sources of Information (SOI) related to Defendant's Alleged Crimes and Copies of all Communications between any SOI and Prosecutors or Law Enforcement.*

Defendant is not entitled to the identification of witnesses or SOI and communications between any SOI and the Government at this time. "Ordinarily, a defendant is not entitled to a list of the names…of the government's witnesses." *United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (the prosecution does not have to reveal before trial the names of witnesses who will testify unfavorably against defendant); *United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir. 1979) (defense counsel was not entitled to know, in advance of trial, who was going to testify for the government).

Defendant does not dispute the general principles of law, but rather believes he is entitled to the information because this is "not a typical case" and the Court may exercise its discretion to require early production. While Defendant is correct that the Court does have discretion under Rule 16, the Court has already exercised that discretion by requiring the parties disclose their

respective list of witnesses two business days before the Final Pretrial. As it currently stands, that affords Defendant ten days before Trial to know who will testify against him. The Court holds this is sufficient.

> ix. *Any and all Financial Records for Cooperating Witness(es) or SOI, with Specific Names Listed.*

Defendant is not entitled to the information requested in Request Nine because he has not satisfied his burden in demonstrating the materiality of the information. Defendant requested financial information from eleven specified sources. The Government produced financial information pertaining to three sources. Thus, there remains eight sources from whom no information has been produced.

Defendant does not identify how the requested information would be material to his defense. In his Motion, Defendant complains of the "piecemeal approach" the Government has taken in producing records for three sources and the Government's response concerning why it did not disclose information as to the other eight sources.

Under Rule 16, Defendant is only entitled to documents within the Government's possession that are either i) material to his defense; ii) will be used by the Government in its case-in-chief at trial; or iii) obtained from Defendant. It appears that the Government has disclosed the financial records for SOI that will be used in its case-in-chief. Assuming the other records exist within the Government's possession, it is clear than that the other eight SOI's information will not be utilized in the case-in-chief.

That leaves the "material to preparing the defense" clause. Defendant has not specified how each SOI's financial record is material to preparing his defense. Defendant states that the information is for "both impeachment and corroborative purposes." But this general allegation does not satisfy Defendant's burden to "present facts which would tend to show…the

- 11 -

information is helpful to the defense." *Popa*, 369 F. Supp. 3d at 837. Without more, the fact that the SOIs are named in the Indictment (by initials) does not mean their financial records are material to preparing the defense.

Since Defendant has not satisfied his burden in showing the information in Request Nine is material to preparing his defense, the Court denies Defendant's request.

   *x.*  *Full Names of All Individuals Listed in the Indictment by Initials Only.*

While the Court can appreciate Defendant's frustration with the Government, he is not entitled to the information contained in Request Ten at this time. The prosecution is not required to furnish the names of individuals identified by their initials in an indictment. *See United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004); *United States v. Garrett*, 2009 WL 1086974, at *6-7 (E.D. Missouri Apr. 22, 2009) (government did not have to disclose individuals identified by their initials in the indictment). Moreover, as explained above in Section D.viii, the Government is not required to disclose its witness list pursuant to Rule 16. Thus, it follows that the Government does not need to disclose those identified in the Indictment by their initials—i.e., witnesses—under Rule 16.

   *xi.*  *Complete Files of all Audits of the Land Bank Conducted by any Governmental Entity and related to Funds the Land Bank Received through the Troubled Asset Relief Program ("TARP").*

The Court finds the information contained in Request Eleven material under Rule 16. Defendant seeks the information to rebut the contention that the Land Bank is an 'organization' under 18 U.S.C. § 666(b), a necessary showing the Government must make to ensure a conviction. Accordingly, it would assist Defendant to understand the amount of Federal funding the Land Bank receives.

The next issue is whether the requested information is within the Government's possession, custody or control. The Government alleges the information is not within its possession, custody or control. However, the Government based this determination on a narrow definition of 'the government' or 'prosecution team.' The Court has previously defined the Prosecution Team for this matter.

Accordingly, the Government is required to inquire of the Prosecution Team if they possess any of the information requested in Request Eleven. If such information exists, it must be turned over to Defendant under Rule 16. The Government does not have to seek out information from other governmental agencies. The Government is directed to file a certification with the Court by January 24, 2020 detailing its compliance and results with this Order.

> *xii.   Complete Files of all Audits of the Land Bank Conducted by an Governmental Entity and related to Non-TARP Funds Received from a Governmental Entity.*

For the same reasons discussed above in conjunction with Request Eleven, the requested information in Request Twelve is material to the preparation of Defendant's defense. The remaining question is one of possession.

Accordingly, the Government is required to inquire of the Prosecution Team if they possess any of the information requested in Request Twelve. If such information exists, it must be turned over to Defendant under Rule 16. The Government does not have to seek out information from other governmental agencies. The Government is directed to file a certification with the Court by January 24, 2020 detailing its compliance and results with this Order.

> *xiii.  All Land Bank Budget, Financial Report, Internal Control and Similar Documents.*

For the same reasons discussed above in conjunction with Requests Eleven and Twelve, the requested information in Request Thirteen is material to the preparation of Defendant's defense. The remaining question is one of possession.

Accordingly, the Government is required to inquire of the Prosecution Team if they possess any of the information requested in Request Thirteen. If such information exists, it must be turned over to Defendant under Rule 16. The Government does not have to seek out information from the Land Bank that it does not already possess. The Government is directed to file a certification with the Court by January 24, 2020, detailing its compliance and results with this Order.

> xiv. *Affidavit Regarding Telephone Analysis of 270 Calls and Texts Between Defendant and CHS between January 1, 2014 and October 2018.*

The Court requires additional information concerning Request Fourteen. Rule 16 requires the government to allow a defendant to inspect and copy any scientific test or experiment if: i) the item is material to preparing the defense; ii) the government intends to use the item in its case-in-chief at trial; or iii) the item was obtained from or belongs to the defendant. FED. R. CRIM. P. 16(a)(1)(F). However, Rule 16 does not require the production of reports, memoranda, or other internal documents made by the government or its agents in connection with investigating or prosecuting a case. *Id.* at 16(a)(2).

From the briefing, the Court is unclear if Request Fourteen falls within the "scientific test" or "government work product" aspect of Rule 16. Thus, the Court Orders the Government to provide, *in camera*, additional information concerning the "analysis" conducted by the agents in this investigation. The Government shall provide this information by January 24, 2020.

> xv. *Material Related to the Government's Investigation of Defense Counsel's Alleged Conflict, Including Internal Communications, Reports, Case Files and all* Ex Parte *Filings*.

As the Government correctly points out, it has professional obligations to make the Court aware of potential conflicts of interest. *See* OHIO RULES OF PROF'L CONDUCT r. 1.1, 1.3 and 8.3; Loc. R. 57.7(a). And while there was *some* evidence that Defense counsel was involved in a prior investigation of a potential witness in this case, the Government did not substantiate its claim with enough facts to warrant dismissal of Defense counsel.

Defendant takes issue with the *ex parte* proceedings of the conflict inquiry. What Defendant overlooks is that the Court chose proceeding *ex parte* to protect defense counsel from further conflict. By allowing defense counsel to review the filings, he would be exposing himself to the exact conflict the Government said existed. Rather than that option, the Court proceeded to investigate the potential conflict, notified defense counsel of all salient facts and solicited input from defense counsel. Based on this whole procedure, the Court reached its decision.

Defendant reiterates general case law supporting the proposition that a criminal defendant has the Constitutional right to choose his own counsel. Neither the Government nor this Court disputes that general proposition. But Defendant cannot turn the Government's compliance with professional obligations into a deep-state conspiracy to remove counsel. The Court will not punish the Government for complying with its professional obligations by forcing it to disclose the underlying material from the Prior Investigation.

Accordingly, the Court holds that Defendant is not entitled to the information requested in Request Fifteen.

### III. CONCLUSION

The purpose of the criminal discovery rules is to preserve "the defendant's ability to defend himself effectively at trial." *Presser*, 844 F.2d at 1283. The discovery rules do not afford

a defendant the right to know the tactical strengths and weaknesses of the government's case. *Id.* at 1286. The Court's Order balances this dichotomy. The Court therefore **ORDERS** the Government to file a Notice of Compliance with this Order on or before January 24, 2020.

With respect to the *Brady* and Jencks material that the Government intends on turning over, the Court reminds the Government that it "acts at its own peril." *Id.* at 1281-82. In an abundance of caution, the Government should disclose potential *Brady* and Jencks material at the stated time. Finally, should this matter proceed to trial, the Court envisions a smooth trial with as little disruption as possible. With that in mind, the parties shall stipulate to facts whenever feasible to streamline the trial and the Government should ensure Defendant can make "effective use" of the evidence disclosed.

With the above in mind, the Court **GRANTS, in part**, Defendant's Motion to Compel.

**IT IS SO ORDERED.**

                                         s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **Senior United States District Judge**

**Dated: January 16, 2020**