IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH TYSON, | ) | MOTION TO COMPEL DEFENDANT'S |
| | ) | COMPLIANCE WITH RULE 16(B) |
| Defendant. | | |

The United States of America, by and through the undersigned counsel, hereby files this Motion to Compel Defendant's Compliance with Rule 16(b). For the foregoing reasons, the government respectfully requests that this court order Defendant Kenneth Tyson ("Tyson") to comply with his discovery obligations by **January 24, 2020**, so as to allow the government the opportunity to effectively prepare its case and adhere to the court's most recent trial order (Doc. 54) setting a January 28, 2020 deadline for motions.

### I.  BACKGROUND

Tyson is charged with Conspiracy to Commit Bribery and Honest Services Fraud, 18 U.S.C. § 371 (Count 1), Honest Services Wire Fraud, 18 U.S.C. §§ 1343, 1346, and 2 (Counts 2, 3, and 4), and Bribery (Count 5).

To date, the government has made ten productions to Tyson, providing him with extensive and detailed discovery pursuant to Rule 16. More specifically, the government has supplied roughly 14.5 gigabytes of data, which includes Tyson's statements, voluminous financial and business records, emails, telephone records, subpoena responses, and documents

provided by the Cuyahoga County Land Reutilization Corporation.  Now, with less than 30 days until trial, in response to the government's repeated requests, Tyson has refused to provide *any* reciprocal discovery.

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Criminal Procedure 16 provides, in relevant part:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16(b)(1)(A).  "The court, in its discretion, may sanction a defendant for failing to comply with his discovery obligations." *United States v. Phillips*, No. 1:11-cr-180, 2011 WL 5881192, at *1 (N.D. Ohio Nov. 23, 2011) (citing *United States v. Hamilton*, 128 F.3d 996, 1003-05 (6th Cir. 1997) (no abuse of discretion when court excluded defendant's receipts because the defendant failed to provide timely discovery to the government)).

### B. Tyson has triggered and failed to meet his statutory discovery obligations

Reciprocal discovery should be ordered because each element of Rule 16(b)(1)(A) has been met.  First, on January 7, 2019, Tyson requested disclosure under Rule 16(a)(1)(E).  (Ex. A Jan. 7, 2019 Discovery Request).  Less than 30 days later, on February 1, 2019, the government complied with Tyson's request and made its first production on. (Ex. B Feb. 1, 2019 Discovery Letter).  The government made subsequent productions on the following dates:

- February 12, 2019
- February 14, 2019
- February 20, 2019
- June 4, 2019
- June 14, 2019

2

- September 24, 2019
- November 1, 2019
- January 2, 2020
- January 10, 2020

And lastly, the government requested reciprocal discovery on not one, but *six* occasions, as stated in its production letters dated February 1, 2019, February 12, 2019, February 14, 2019, February 20, 2019, and June 14, 2019, and a January 13, 2020 email (Ex. C, Jan. 13, 2020 Email).[1] In the email, the government specifically notes that, "[t]he government first made this request in February 2019, but has not yet received any discovery from the defense."

Furthermore, the government recently learned that Tyson received documents from C.T. and three boxes of documents from J.S. related to Drain Guru. It is the government's understanding that these documents from J.S. have been in Tyson's "possession, custody, or control" for approximately six months, yet he has failed to provide any of them to the government as reciprocal discovery. The government also learned that C.T. specifically requested the Defendant's investigator provide the documents to the government agents after copies were made. The government contacted Tyson's counsel a week ago to inquire about when he would provide the documents, but Tyson's counsel has yet to respond. Criminal discovery is not a one-way street, *see United States v. Noble*, 422 U.S. 225, 233 (1975), and in order to prevent a "trial by ambush", Tyson must respond to the government's repeated requests and produce reciprocal discovery. *See Phillips*, at *2.[2]

---

[1] These production letters all include the following language: "This letter also serves as the government's request for reciprocal discovery. Pursuant to Federal Rule of Criminal Procedure 16(b), the government requests of the defendants all discovery to which the government is entitled under the Rule."

[2] Such reciprocal discovery includes, but is not limited to (1) documents provided by C.T.; and (2) documents provided by J.S.

3

### III. CONCLUSION

Tyson's failure to meet his discovery obligations places the government at an unfair disadvantage, as it prevents the government from effectively preparing its case and filing appropriate motions *in limine* to exclude irrelevant or prejudicial evidence.  Thus, the government respectfully requests this court enter an order commanding Tyson to produce reciprocal discovery by **January 24, 2020**, and prohibit the introduction at trial of any items that were discoverable but not disclosed to the government by that date.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Carmen E. Henderson
Carmen E. Henderson (OH: 0089212)
Chelsea S. Rice (OH: 0076905)
Vanessa V. Healy (OH: 0092212)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3967/3752
(216) 522-8355 (facsimile)
Carmen.Henderson@usdoj.gov
Chelsea.Rice@usdoj.gov
Vanessa.Healy@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of January 2020 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

        /s/ Carmen E. Henderson
        Carmen E. Henderson
        Assistant U.S. Attorney