# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH TYSON, | ) | ORDER OF CLARIFICATION |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

On January 16, 2020, the Court granted, in part, Defendant Kenneth Tyson's Motion to Compel Production of certain documents.  (Doc. 89).  In that Order, the Court ordered the Government to produce certain documents on or before January 24, 2020.  One such set of documents related to Defendant's Request for the "complete files of all audits of the Land Bank conducted by any governmental entity and related to funds the Land Bank received through the Troubled Asset Relief Program ("TARP")" (hereafter, the "TARP Request").  (*See id.* at PageID: 958-59).

On January 22, 2020, the parties contacted the Court to request clarification on the Court's Order regarding the TARP Request.  According to the Government, the Order requires the Government to provide Defendant documents from the SIGTARP audit file that relate to the amount of TARP funding the Land Bank received in the relevant time period.  The Defendant however, interprets the Order as requiring the Government to produce the complete SIGTARP audit file.

For purposes of clarification, the Court Orders the Government to produce just the relevant documents from the SIGTARP audit file that reflects the amount of TARP funds that the Land Bank received for the relevant time period. Defendant is not entitled to the complete SIGTARP audit file.

Defendant's original request sought to establish that the Land Bank is an 'organization' under 18 U.S.C. § 666(b). (*See* Doc. 60, PageID: 517). The Court understands that 'materiality' of proving that element of the alleged crime. However, Defendant has not satisfied his burden in justifying why the entire SIGTARP audit file—which may include irrelevant and immaterial evidence—is material to Defendant's defense. The fact that the Land Bank received benefits in excess of $10,000 is the relevant and material issue, one that can be proved (or disproved) by providing documents from the SIGTARP audit files reflecting the TARP funds that the Land Bank received during the relevant period.

Accordingly, the Court clarifies its Order and requires the Government to produce any document(s) from the SIGTARP audit file reflecting the amount of TARP funds that the Land Bank received during the relevant time period. The Government does not have to produce the entire SIGTARP audit file.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: January 23, 2020**