UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH TYSON, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Kenneth Tyson's Motion for a Bill of Particulars under Federal Rule of Criminal Procedure 7(f). (Doc. 72-1). For the following reasons, Defendant's Motion is **GRANTED, in part**. The Government shall provide the date and location of the alleged meeting by January 31, 2020.

## I. BACKGROUND

On November 21, 2018, the Grand Jury indicted Defendant with one count of Conspiracy to Commit Bribery and Honest Services Fraud, in violation of 18 U.S.C. § 371; three counts of Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346 and 2; and one count of Bribery in Federally Funded Programs, in violation of 18 U.S.C. § 666(a)(1)(B). (Doc. 1). Defendant pleaded not guilty to all counts.

The Indictment alleges a conspiracy occurred involving Defendant, M.S. and M.R. (*Id.* at PageID: 3, ¶ 22). M.R. would provide free contractor and repair services for Defendant. (*Id.* at PageID: 5, ¶ 25(b). In exchange, Defendant would use his position with the Cuyahoga County Land Reutilization Corporation (the "Land Bank") to place M.R. on the approved contractor list

for the Land Bank. (*Id.* at ¶ 25(c)). For his part, M.S. arranged a meeting and introduced M.R. to Defendant. (*Id.* at ¶¶ 25(a) & 26).

The parties engaged in discovery under a Protective Order. At some point, the discovery process deteriorated and the parties sought the Court's involvement.[1] According to Defendant, the Government did not provide any details concerning the alleged meeting that M.S. arranged between M.R. and Defendant.

Believing the meeting to be "crucial" to the "viability of the Indictment," Defendant filed the instant Motion for a Bill of Particulars. (Doc. 72-1).[2] In his Motion, Defendant asks the Court to order the Government to produce the date, time and location of the alleged meeting. The Government claims Defendant is not entitled to the requested Bill of Particulars. (Doc. 75). Generally, the Government argues the requested information is not necessary because the Indictment is sufficient and the Government provided ample discovery. Defendant filed a Reply disagreeing with the Government's position. (Doc. 76).

## II. LAW & ANALYSIS

### A. Standard of Review

The Federal Rules of Criminal Procedure allow a court to "direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f).

> The purposes for a bill of particulars are: [1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

---

[1] Docs. 60, 64, 68 & 89.

[2] Defendant originally asked for leave to file his Motion, which the Court granted on December 6, 2019. (Non-Doc. Entry).

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

"A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.'" *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). Along those lines, "a defendant is not entitled to discover all the overt acts that might be proven at trial." *Salisbury*, 983 F.2d at 1375.

Finally, "[t]he decision to order a bill of particulars is within the sound discretion of the trial court." *Id.* "In exercising its discretion, courts consider (1) the complexity of the charges, (2) the clarity of the indictment and (3) the degree of discovery available to the defendant. *United States v. Adan*, 2012 WL 715611, at * 3 (M.D. Tenn. Mar. 1, 2012) (citations omitted).

**B.     The Requested Bill of Particulars**

Defendant seeks the date, time and location of the alleged meeting with M.R. and M.S. where the three allegedly agreed to the conspiracy. For the reasons that follow, the Court exercises its discretion by requiring the Government to provide the date and location of the alleged meeting.

First, the charges are complex. They involve Defendant and two unindicted coconspirators. The charges involve many specified and general overt acts over the course of five years.[3] Beyond that, the charges involve numerous witnesses and participants in those overt acts. As a result of this complexity, the genesis of the conspiracy is an important detail to allow Defendant to prepare for trial.

Moreover, while the Indictment is clear in some respects, it is noticeably unclear in other respects. Defendant's Bill of Particulars highlights that lack of clarity. Many of the overt acts

---

[3] The Indictment alleges the conspiracy took place from October 2013 to November 2018. (Doc. 1, PageID: 3, ¶ 22).

- 4 -

are specified by date.  The same is not true for the alleged meeting.  The Indictment does not specify a date or location for the meeting.  The Court finds this lack of clarity glaring considering the Indictment refers to the meeting twice.  Accordingly, this lack of clarity respecting the meeting supports granting Defendant's Bill of Particulars.

Finally, the amount of discovery that the Government provided does not negate the need for the requested Bill of Particulars.  It is true, *complete discovery* may obviate the need for a bill of particulars.  *United States v. Chamberlain*, 1983 U.S. App. LEXIS 12304, at *7 (6th Cir. Dec. 5, 1983) (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)) (emphasis added). The Court takes Defendant at his word that the specific date and location are not contained in the discovery the Government produced.  Thus, since there has not been complete discovery, the requested Bill of Particulars is warranted.

### III. CONCLUSION

The Indictment here identifies a critical event without providing any specifics.  To assist Defendant's defense and avoid surprise at trial, the Court, in its discretion, **ORDERS** the Government to provide the date and location of the meeting M.S. arranged between M.R. and Defendant by January 31, 2020.  Defendant is not entitled to the time of the meeting.

Accordingly, Defendant's Motion for Bill of Particulars is **GRANTED**, **in part**.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko  
 **CHRISTOPHER A. BOYKO**  
 **Senior United States District Judge**

**Dated: January 27, 2020**