# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH TYSON, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Kenneth Tyson's Motion Continue Trial Dates and Pretrial Deadlines. (Doc. 108). On February 11, 2020, the Court entered an Order on the Docket **GRANTING** Defendant's Motion. This Opinion sets forth the Court's rationale in doing so.

## I. BACKGROUND

On November 21, 2018, the Grand Jury indicted Defendant with one count of Conspiracy to Commit Bribery and Honest Services Fraud, in violation of 18 U.S.C. § 371; three counts of Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346 and 2; and one count of Bribery in Federally Funded Programs, in violation of 18 U.S.C. § 666(a)(1)(B). (Doc. 1). Defendant pleaded not guilty to all counts.

On September 26, 2019, the Court granted a third request to continue and reset the Trial for February 18, 2020. (Doc. 54). The Court also set a deadline for pretrial motions of January 28, 2020. Defendant complied with this Order and filed a Motion to Dismiss the Indictment on January 28, 2020. (Doc. 100). The Defendant alleged that the Indictment was flawed in

numerous respects. On February 4, 2020, the Government responded to the Motion to Dismiss. (Doc. 104). The Government argued that the Indictment was sufficient and asked the Court to deny Defendant's Motion to Dismiss.

The next day, on February 5, 2020, and thirteen days before the scheduled trial, the Government issued a Superseding Indictment against Defendant. (Doc. 106). The Superseding Indictment alleged the same five counts against Defendant but did contain slight differences as to certain facts.

In light of the Superseding Indictment, the Court held an attorneys-only conference on February 6, 2020. There, the Court heard from both the Government and Defendant about the impact of the Superseding Indictment. The Court thereafter requested briefing on the issue.

On February 7, 2020, Defendant filed the instant Motion to Continue. (Doc. 108).[1] The Government responded on February 10, 2020. (Doc. 109). On February 11, 2020, the date of the previously scheduled Final Pretrial, the Court afforded Defendant the opportunity to address the Government's Opposition orally on the Record. (Non-Doc Minute Entry, 2/11/2020).

## II. LAW & ANALYSIS

### A. Standard of Review

Defendant's Motion to Continue is governed by the Speedy Trial Act. *See* 18 U.S.C. § 3161. A superseding indictment by itself does not compel a court to allow an additional thirty days before proceeding to trial. *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985). Rather, courts have "broad discretion…to grant continuance[s] when necessary to allow further preparation." *Id.* Specifically, a court may grant a continuance if "the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."

---

[1] Defendant's Motion contained Defendant's written consent to a continuance of the trial.

18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) sets forth a non-exhaustive list of factors for a court to consider in granting a continuance. *See id.*, § 3161(h)(7)(B)(i)-(iv).

Defendant requests a continuance in the "ends of justice." This provision allows a continuance if the superseding indictment operates to the prejudice of a defendant. *Rojas-Contreras*, 474 U.S. at 236. "To avoid prejudicing a defendant, a continuance should be granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense." *Id.* at 240-41 (Blackmun, J., concurring). This also includes allowing counsel the time to fully "analyze the impact of the superseding indictment, and explore any options it presents or precludes." *Id.* at 241.

**B.     Defendant's Motion to Continue**

The Court finds that the ends of justice require a continuance in this matter. Defendant has raised colorable arguments as to why trial should be continued considering the Superseding Indictment being filed less than two weeks before trial. Among a variety of positions, Defendant claims he needs additional time to analyze the impact of the Superseding Indictment on the relevant statute of limitations.

The Government contends that, from its research, the statute of limitations is not a concern. But the Government also conceded at the attorney conference that Defendant may need an opportunity to conduct his own research on this issue. The Court agrees. This case has previously been declared complex. (*See* Doc. 13); *see also* 18 U.S.C. § 3161(h)(7)(B)(ii). Moreover, Defense counsel should be afforded "reasonable time…for [the] effective preparation" of the contested statute of limitations issue. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Government also argues that a continuance would not be in the best interests of the public. This is due to the number of continuances previously granted; the concerns of fading

memory of the witnesses; and the significant resources already expended in preparing for trial. While the Court acknowledges this concern, a continuance still outweighs these public interests. This case has been complicated from the beginning. On top of that, lead defense counsel was effectively quarantined from the case while the Court ruled on the potential conflict in representation. Additionally, the Government made a choice to issue the Superseding Indictment at this late stage of the case. While the Government anticipated this would narrow the issues, Defendant argued otherwise. As mentioned before, Defendant has made colorable arguments as to why. Finally, the trial preparation argument cuts both ways—Defendant has also expended significant resources in his defense, but still believes a continuance is necessary to properly defend the Superseding Indictment.

It should be stated that whether Defendant's arguments ultimately have merit is beyond the point at this stage. The Superseding Indictment presents colorable concerns, which include new statute of limitations issues. Defendant and his counsel should be afforded time to fully analyze the Superseding Indictment and its impact on the defense.

## C. The Superseding Indictment's Impact on the Pending Motions

Given the continuance, the Court dismisses as moot the current pending motions. "A superseding indictment supplants the earlier indictment and becomes the only indictment in force." *United States v. Goff*, 187 Fed App'x 486, 491 (6th Cir. June 27, 2006). While Defendant believes that the pending motions are still applicable, he also admits that each motion will have to be supplemented given the Superseding Indictment.

The Court believes the cleanest option at this stage is to moot the pending motions and set forth a briefing schedule to file the supplemental motions. While the Court anticipates the

parties will largely refile their motions, the Court also expects that the parties will address only the relevant issues that remain.

Accordingly, the Court will enter a case management schedule by separate order.

### III. CONCLUSION

While both parties presented strong arguments concerning the continuance, the Court holds that Defendant should be given the benefit of the doubt. For the forgoing reasons, the Court finds that the ends of justice served by the granting of the continuance outweigh the best interest of the public and defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and therefore **GRANTS** Defendant's Motion to Continue. In light of the Superseding Indictment and the parties' representations to the Court, Defendant's Motion for the Disclosure of Grand Jury Transcripts (Docs. 79 & 80); Motion to Dismiss the Original Indictment (Doc. 100); and Motion to File Motion Under Seal (Doc. 103) are **MOOT** and therefore **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: February 14, 2020**