IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-00708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH TYSON, | ) | GOVERNMENT'S REPLY BRIEF IN |
| | ) | SUPPORT OF U.S.S.G. § 2J1.2 |
| Defendant. | ) | |

The United States of America, by and through the undersigned counsel, hereby files this reply brief in support of its objections to the Presentence Investigation Report filed on October 19, 2020, and in response to Defendant's Brief in Support of Applying U.S.S.G. § 2B1.1 (Doc. 127). For the reasons discussed below, the government respectfully submits that this Court should apply U.S.S.G. § 2J1.2 to determine Defendant Kenneth Tyson's ("Tyson") base offense level.

**I. Section § 2J1.2 can be applied as a cross-reference, even where Appendix A does not apply.**

As an initial matter, the government does not contend that § 2J1.2 applies based on the statutory maximum sentence or allegations of terrorism. While Appendix A provides some guidance as to when the use of § 2J1.2 may be appropriate (*e.g.*, when the statutory maximum term of eight years' imprisonment applies), it does not govern all circumstances. Section 2B1.1(c) describes the relevant cross references to consider. Specifically, § 2B1.1(c)(3) states,

> If (A) neither subdivision (1) nor (2) of this subsection applies; (B) the defendant was convicted under a statutes proscribing false, fictitious, or fraudulent statements or representations generally (*e.g.*, 18 U.S.C. § 1001 . . .); and (C) the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline.

Application Note 17 further describes the purpose of these cross references:

> Subsection (c)(3) provides a cross reference to another guideline in Chapter Two (Offense Conduct) in cases in which the defendant is convicted of a general fraud statute, and the count of conviction establishes an offense involving fraudulent conduct that is more aptly covered by another guideline. Sometimes, offenses involving fraudulent statements are prosecuted under 18 U.S.C. § 1001, or a similarly general statute, although the offense involves fraudulent conduct that is also covered by a more specific statute.

U.S.S.G. § 2B1.1. App. Note 17. Thus, § 2J1.2 can be applied as a cross-reference, even where Appendix A does not apply.

**II. Section 2B1.1 cross-reference applies because Tyson's conduct set forth in the supplemental information and plea agreement establishes obstruction of justice.**

The Sentencing Guidelines provide that either § 2J1.2 or § 2B1.1 be used to calculate guidelines for a violation of 18 U.S.C. § 1001. The government asserts that the appropriate section to use in this case is § 2J.1.2, because § 2J1.2 is specifically outlined for obstruction related offenses. Here, the elements of § 2B1.1(c)(3) are met because neither subdivision (1) nor (2) apply, Tyson was convicted under 18 U.S.C. § 1001, and the conduct set forth in the supplemental information and plea agreement establishes an offense specifically covered by another guideline in Chapter Two: § 2J1.2, Obstruction of Justice.

**A. Obstruction of Justice under 18 U.S.C. § 1503**

Tyson contends that his conduct set forth in the supplemental information and plea agreement fails to satisfy the elements of any statute listed in the commentary to § 2J1.2, specifically discussing only 18 U.S.C. § 1505 (Obstruction of proceedings before departments, agencies, and committees). Tyson fails to recognize, however, the more general obstruction statute, 18 U.S.C. § 1503 (Influencing or injury officer or juror generally). Under § 1503, the government is required to prove that the defendant corruptly obstructed the due administration of justice, knowing there was a pending judicial proceeding. This Court previously defined "corruptly" as "consciousness of wrongdoing." *See United States v. Lee*, No. 1:15CR445 (N.D. Ohio) (R.101: Joint Jury Instructions). Here, Tyson—knowing he was lying to federal agents—

made false statements that forced those agents to engage in substantial additional investigative measures. Tyson's intent in making these false statements was clearly to obstruct the grand jury investigation into whether he accepted a bribe from M.R., and Tyson was aware of the investigation based on the fact that two federal agents showed up at his house at 7:00 a.m. to ask him these questions. His only motivation to lie was to impede the investigation and pending grand jury proceedings.

      B.  Case Law

In support of his argument for § 2B1.1, Tyson cites *United States v. Phillips*, No. 1:11CR180 (N.D. Ohio) *United States v. Griego*, 837 F.3d 520 (5th Cir. 2016), and *Untied States v. Kim*, 95 F. App'x 857 (9th Cir. 2004). All three of these are distinguishable from the case at hand.

First, with respect to *Phillips*, Tyson leaves out key portions of the sentencing transcript where Judge Lioi highlighted the seriousness of defendant's offense.

> And as I previously indicated, making reference to Application Note 19, Section 2B1.1, the guidelines themselves acknowledge this shortcoming and provide that there may be cases in which the offense level determined under this guideline substantially understates the seriousness of the offense. And in such cases an upward departure may be warranted. . . . And the Court does find that the facts of this case serve as an example of an instance where the guidelines do understate the seriousness of this defendant's offense.

(Def. Ex. A., at 46-47). Further, in *Phillips*, Judge Lioi varied upward, even though the defendant retracted and revised some of his false statements during the course of his FBI interview. (*Id.* at 48). Tyson never retracted or revised his lies to the Special Agents in this case.

Tyson also relies on the Fifth Circuit's decision in *Griego* and the Ninth Circuit's decision in *Kim*, where the courts found that the defendants' conduct did not meet the definition of "corruptly" in the context of § 1505. As discussed above, however, this Court

has previously defined "corruptly" as "consciousness of wrongdoing." And Tyson clearly knew what he was doing—lying to federal agents about the bribes he received from M.R.—was wrong.

*United States v. Alatrash*, a case out of the Sixth Circuit, more closely aligns to the facts in Tyson's case. 460 F. App'x 287 (6th Cir. 2012). In *Alatrash*, Defendant Faisal employed various schemes to obtain payments from RTA contractors. While investigating Faisal, the FBI interviewed his wife, Gada, at her home. During that interview, Gada lied to the FBI about her business as it pertained to issues at the core of the investigation of Faisal's illegal bribery and kickback schemes. On appeal, the Sixth Circuit affirmed the district court's application of § 2J1.2, because Gada's conduct involved obstruction of justice. In *Alatrash*, Gada obstructed the investigation by attempting to present her business as legitimate, as opposed to part of her husband's illegal schemes. Similarly, when Tyson lied to the Special Agents, he was attempting to present the work done at his home as legitimate, when he knew it was actually the result of an illegal bribery scheme.

The Special Agents were investigating whether Tyson accepted services from M.R. in the course of his employment at CCLRC in exchange for helping M.R. get on the list to bid on demolition jobs with CCLRC. Specifically, when interviewing Tyson at his home on October 10, 2018, the Special Agents asked whether M.R. did or paid for work that was completed at Tyson's residence, including the installation of a waterline. Tyson lied to the agents, stating that M.R. did not complete or pay for work at Tyson's residence. Tyson also stated that he himself paid for the installation of the waterline in cash, when in fact, Tyson never exchanged money with M.R. or any other subcontractor. (*See* Govt. Ex. A).

4

**III.     CONCLUSION**

For the aforementioned reasons, the government respectfully submits that this Court apply U.S.S.G. § 2J1.2 to determine Defendant Kenneth Tyson's base offense level.[1]

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Chelsea S. Rice
Chelsea S. Rice (OH: 0076905)
Vanessa V. Healy (OH: 0092212)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3752/3652
(216) 522-8355 (facsimile)
Chelsea.Rice@usdoj.gov
Vanessa.Healy@usdoj.gov

---

[1] If this Court finds that that § 2B1.1 applies, the government submits, as set forth in its original motion on this issue, that the adjusted offense level is a 12, resulting in a total offense level of 10.