IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR708 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH TYSON, | ) | <u>GOVERNMENT'S RESPONSE TO</u> |
| | ) | <u>DEFENDANT'S SENTENCING</u> |
| Defendant. | ) | <u>MEMORANDUM</u> |

The United States of America, by and through its undersigned counsel, hereby submits this response to Defendant Kenneth Tyson's Sentencing Memorandum (Doc. 708). For the reasons set forth herein, as well as those in the United States' earlier sentencing briefings (Docs. 126 and 128), objections to the Presentence Investigation Report ("PSR") (Doc. 133), and those to be articulated at the sentencing hearing, the United States respectfully submits that the appropriate sentence in this case is a sentence within the guidelines range, including imposition of a fine.

I.  <u>Tyson's False Statements Required the Agents to Conduct Additional Investigation</u>

Tyson's lies to federal agents were not "easily contradicted" or "easily disproven." Indeed, as Tyson admits in the factual basis of his plea agreement, his lies caused the agents to perform additional investigation. After Tyson told the agents that 1) M.R. had never arranged to have work done at Tyson's house and 2) Tyson paid the plumber who installed the waterline, they had to conduct extensive additional investigation to ascertain their veracity, both of which

Tyson has now admitted were lies. (*See*, Doc. 131: Tyson Interview Transcript, PageID 1424-1435).

Specifically, the government had to issue additional subpoenas to four different financial institutions, including requesting this Court to issue a trial subpoena, in an effort to determine whether Tyson had actually paid for the work done at his house. The agents then had to review all the subpoenaed financial records to see if they showed any cash withdraws that appeared to correspond with the cash payment Tyson claimed to have made to them.

Tyson's lies also required the agents to conduct numerous additional interviews, including interviewing all of the sub-contractors who worked at Tyson's house, to determine whether the sub-contractors (i) actually performed the work and (ii) received payment for their work. Finally, because Tyson told the agents that M.R. had never done work for him, and the last time he spoke to M.R. was "a couple years ago," (Id. at PageID 1432) the government had to obtain a search warrant for M.R.'s telephone in an attempt to corroborate Tyson's statements. But for Tyson's lies, the government would not have had to expend any of these additional governmental resources.

II. <u>This Court May Consider Dismissed Conduct in Determining the Appropriate Sentence</u>

It is well established that a sentencing court shall have "no limitation … placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." (18 U.S.C. § 3661) (*See also*, *United States v. Watts*, 519 U.S. 148, 154-157 (1998); *United States v. White*, 551 F.3d 381 (6th Cir. 2008) (*en banc*); *United States v. Conway*, 513 F.3d 640, 645 (6th Cir. 2008); *United States v. Dobson*, 623 F. Appx. 117, 127-28 (6th Cir. 2015)). The Sixth Circuit has consistently followed *Watts*' holding that because "[a]n

acquittal is not a finding of any fact" and "without [other] specific jury findings, no one can logically or realistically draw any factual finding inferences from it," a sentencing court may freely consider acquitted conduct proven by a mere preponderance of the evidence. *Id.* The Sentencing Guidelines also make clear that "[t]he principles and limits of sentencing accountability … are not always the same as the principles and limits of criminal liability." (U.S.S.G. § 1B1.3, App. Note 1).

As part of the plea agreement, the United States has agreed to move this Court to dismiss the Indictment and Superseding Indictment in this case. However, that does not mean that those charges cannot be included in the offense conduct portion of the PSR or used by this Court as background and context for Tyson's convicted criminal conduct. Indeed, as noted in the PSR, "it is only by way of summarizing the originally charged conduct that the probation office was able to provide context to the count of conviction." (Doc. 133, PageID 1465).

III.     Tyson's Sentence Should Include a Fine

The maximum fine permissible by statute for Tyson's crime is $250,000, but the Sentencing Guidelines provide that the fine for an offense level 4 is between $500 and $9,500. (U.S.S.G. § 5E1.2). When considering whether to impose a fine, the Court should consider, in addition to the factors set forth in Section 3553(a):

> (1) the defendant's income, earning capacity, and financial resources;
> (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;
> (3) any pecuniary loss inflicted upon others as a result of the offense;
> (4) whether restitution is ordered or made and the amount of such restitution;
> (5) the need to deprive the defendant of illegally obtained gains from the offense;
> (6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence; [and]
> (7) whether the defendant can pass on to consumers or other persons the expense of the fine.

(*See also*, 18 U.S.C. § 3572(a)). Notably, nothing in the statute identifies the liquidity of assets as an appropriate consideration when ordering a fine.

Tyson has substantial assets. (Doc. 133, PageID 11-12). In addition to those assets, he is employed and earning income through his rental properties. *Id*. Accordingly, a fine is warranted and should be imposed.

IV. Conclusion

For the foregoing reasons, the United States respectfully requests that this Court sentence Tyson within the guidelines range and order him to pay a fine.

Respectfully submitted,

BRIDGET M. BRENNAN
Acting United States Attorney

By: /s/ Chelsea S. Rice
Chelsea S. Rice (OH: 0076905)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3752
(216) 522-2403 (facsimile)
Chelsea.Rice@usdoj.gov

4